THE MUSKINGUM WATERSHED CONSERVANCY DISTRICT, APPELLANT, *v.* BUSENBURG ET AL., APPELLEES.

(Decided March 21, 1939.)

*Mr. Warner M. Pomerene* and *Mr. Charles B. F. Wander,* for appellant.

*Mr. Burch B. Ferenbaugh* and *Mr. Columbus Ewalt,* for appellees.

MONTGOMERY, J.   The defendants are the owners of a farm located in Knox county, Ohio, which farm is affected by the Muskingum Watershed Conservancy District project.   The duly appointed appraisers of the conservancy district appraised this farm, together with many other tracts of land, both in fee simple and

for damages for flowage easement. The Conservancy Court approved the appraisal and, referring to the appraisal, among other things recited: "That they also appraised the damages sustained and the value of the land and other property necessary to be taken by the district for which settlement was not made by the board of directors, and that all the lands, property, rights and easements so appraised and described in said report and to be acquired by the district are necessary and are to be used in the execution and operation of the official plan."

This action was taken in pursuance of the provisions of Section 6828-27, General Code, which reads in part as follows:

"* * * Wherever instructed to do so by the board of directors, they shall appraise lands or other property which it may be necessary or desirable for the district to own, and when instructed by the directors to do so they shall appraise both the total value of the land, and also the damages due to an easement for the purposes of the district. Upon such appraisals being confirmed by the court, the directors of the district shall have the option of paying the entire appraised value of the property and acquiring full title to it (in fee simple), or of paying only the cost of such easement for the purposes of the district."

The defendants duly perfected an appeal and gave bond for such appeal as provided by Section 6828-34, General Code, and the Conservancy Court, in accordance with such appeal, and as provided for by Section 6828-34, ordered the director to at once begin condemnation proceedings in Knox county, wherein the lands are situated. The district elected to acquire this particular property in fee and the board confirmed this election.

The cause came on for hearing in the Court of Common Pleas of Knox county, and, after some preliminary hearings and discussion, the trial judge, on his

own motion, ordered that the cause proceed for a determination of the jurisdictional question as to the right of the conservancy district to proceed with this appropriation proceeding. Other jurisdictional questions were waived by the defendants, and the court heard and determined the sole question as to the necessity existing for the Muskingum Watershed Conservancy District to acquire title in fee simple to the lands described in the petition. After the hearing, the Common Pleas Court made a finding that it was not necessary for the plaintiff to acquire this fee simple title to the lands in controversy and ordered the petition of the conservancy district dismissed. From that order an appeal was perfected to this court.

It is the contention of the plaintiff that this jurisdictional question had already been determined by the Conservancy Court, and that the Common Pleas Court of Knox county was without authority to hear or determine the question and that it should have at once impaneled a jury and proceeded with the appropriation proceeding. The defendants seek to uphold the trial court in its holding that such determination by it was necessary, in view of that clause of Section 6828-34, General Code, which, after providing for the proceeding in the Common Pleas Court wherein the lands are located, recites that the "suit shall be proceeded with in accordance with the statute regulating appropriation by other than municipal corporations."

These are the only questions presented for our consideration.

It is to be observed that this last-quoted sentence of Section 6828-34, General Code, uses the term "statute regulating appropriation." It does not say which statute. Appellees contend that this refers to Section 11046, General Code, which section does provide for the determination of jurisdictional questions by the trial court in which an appropriation proceeding is instituted, which determination must precede the submis-

sion of the cause to the jury, and if determined adversely to the one seeking the appropriation, ends the litigation. However, it seems to us that such is not the reference intended by this quoted sentence. Following Section 11046, General Code, there are a number of other sections covering the procedure in appropriation cases, dealing with the impaneling of a jury, the viewing of the premises, the submission of the evidence, the charge of the court, the returning of the verdict and the judgment thereon. It seems to us but reasonable to so interpret this provision of Section 34 of the Conservancy Act to mean that after a jury has been once ordered that the proceedings from then on shall be in accordance with the proceedings in any other appropriation case.

The appeal provided for the landowner under the provisions of Section 6828-34, in the language of that statute, "shall be from the award of compensation or damages or benefits, or one or more of them, but from no other part of the decree of the court."

The official bond required by this section and given by the defendants, recites on its face that they "have taken an appeal from the award of the appraisal board to them as to damages, compensation and price for title and easements, in all respects and the decree of the court confirming the same, and have demanded a jury trial to determine same."

The question of the necessity of the appropriation had already been determined by the Conservancy Court, as hereinbefore set forth. That court had the right to determine this necessity. The validity of the sections of the statute providing for the conservancy district and the Conservancy Court and the procedure of each has been approved by this court and by the Supreme Court of Ohio and is not now open to question.

The Muskingum Watershed Conservancy District project is virtually completed so far as construction is

concerned. It is a well known fact, and a fact conceded in the instant case, that there are many appeals now pending, perfected under Section 6828-34, General Code. If it were necessary for each court to which such appeal for a jury has been made, to determine in every instance this jurisdictional question, the resulting condition would be chaotic and would result in a hopeless tangle. When a court has determined the necessity, and the district has proceeded with the construction, and the construction work is virtually completed, to make it possible for a trial court in a given instance to hold that there was no necessity for the appropriation of a given tract seems simply an absurdity.

The judgment of the trial court is reversed and this cause is remanded to that court for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

SHERICK, P. J., and LEMERT, J., concur.