### State v. Ware
### Case No. 696
### Highland County (4th)
### Decided February 23, 1990
[Cite as 1 AOA 162]

*Hapner & Hapner, Mr. James D. Hapner, Hillsboro, Ohio, for Appellant,*

*Mr. Fred J. Beery, Hillsboro, Ohio, for Appellee.*

STEPHENSON, J.

This is an appeal from a judgment entered by the Hillsboro Municipal Court upon a jury verdict finding Wentzel M. Ware, defendant below and appellant herein, guilty of the offense of operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant assigns the following errors:

"1. The Municipal Court erred in admitting into evidence a breath alcohol test taken more than three hours after the alleged offense.
"2. The Municipal Court erred in admitting the testimony of Dr. John T. Ward when the identity of the witness was not disclosed to the defense until trial began."

Although the partial transcript of proceedings provided to this court is sparse, the essential facts necessary to pass on appellant's assignments of error appear therein and are virtually undisputed.[1]

On the morning of February 29, 1988, appellant was driving on State Route 41 in Bushcreek Township, Highland County, Ohio, at approximately 8:30 A.M., when he lost control of his car which went off the road and over an embankment. After the accident, appellant, who had suffered a broken wrist, stayed with the car for an undetermined amount of time until two passersby, recognizing the automobile as belonging to an acquaintance, stopped and offered assistance. The two persons then left to notify the owner of the vehicle, as well as the authorities, of the accident.

Deputy Richard Matthews, of the Highland County Sheriff's Department, was notified of the accident at 9:33 A.M. and, thereafter, drove to and inspected the accident scene. Subsequently, Deputy Matthews issued appellant a citation for driving under the influence of alcohol as prohibited by R.C. 4511.19(A)(1). Appellant was thereafter taken to the Sheriff's Department in Hillsboro, Ohio, where, at 11:30 A.M., an intoxilyzer test was administered to him.

The results of such test showed .24 grams by weight of alcohol per 210 liters of breath, a result which is above the maximum legal limit under R.C. 4511.19(A)(3).

On March 25, 1988, the Court below held a hearing on appellant's motion to suppress the results of the intoxilyzer test. The court withheld ruling on such motion at that time, but later ruled that such evidence could be presented at trial with the proper medical qualification, i.e., expert testimony. On May 25, 1988, the case was tried to a jury. Just prior to commencing the trial, appellant moved the court to exclude the testimony of appellee's expert medical witness on the basis that although appellee had revealed to appellant that such an expert had been selected several days prior to trial, appellee had not disclosed the specific identity of such expert. Apparently, however, appellant had not requested that the identity of such expert be disclosed. Rather, appellant asserts that appellee had a duty to disclose such identity completely independent of any request made by him. Following trial, the jury returned a verdict of guilty and appellant was ultimately sentenced to ninety days in jail, a five hundred dollar fine, and two years suspension of driving privileges.

The thrust of appellant's first assignment of error is that error intervened in admitting an alcohol breath test which was taken more than two hours from the time of the alleged violation in violation of R.C. 4511.19(B). R.C. 4511.19 provides, as follows:

"(A) No person shall operate any vehicle,

streetcar, or trackless trolley within this state, if any of the following apply:

(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

(2) The person has a concentration of ten-hundredths of one per cent or more by weight of alcohol in his blood;

(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath;

(4) The person has a concentration of fourteen-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his urine.

(B) In any criminal prosecution for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation. * * *

Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143[3701.14.3] of the Revised Code."

Appellant was charged with violating R.C. 4511.19(A)(1). Thus, it was necessary to prove he was under the influence of alcohol. A person is under the influence of alcohol when he has "consumed some alcohol, whether mild or potent, in such quantity, whether small or great, that it adversely affected and appreciably impaired the defendant's actions, reactions, or mental process under the circumstances then existing and deprived him of that clearness of the intellect and control of himself which he would otherwise have possessed. The question is not how much alcohol would affect an ordinary person. The question is what effect did any alcohol consumed by the defendant have on him at the time and place involved. If the consumption of alcohol so affected the nervous system, brain, or muscles of the defendant so as to impair, to an appreciable degree, his ability to operate the vehicle, then the defendant was under the influence of alcohol." State v. Hardy (1971), 28 Ohio St. 57,; *State v. Steel* (1952), 95 Ohio App. 107.

Appellant contends that the "two hour" limitation provided in R.C. 4511.19 is a mandatory prerequisite in the admissibility of any chemical analysis of alcohol in the body in a prosecution for violation of R.C. 4511.19, including R.C. 4511.19(A)(1). From an examination of the statutory and decisional law as developed in Ohio, we disagree.

Prior to 1968, R.C. 4511.19 proscribed the operation of a motor vehicle while under the influence of alcohol, but contained no provision respecting alcohol tests of the defendant. Chemical tests for alcohol were then admissible only if expert testimony was presented to explain to the trier of the facts the significance of the test results. Without such testimony the test was without probative value on the issue of whether the defendant was under the influence of alcohol. *Parton v. Weilman* (1959), 169 Ohio St. 145; *State v. Scheurell* (1986), 33 Ohio App. 3d 317; *Piqua v. Hinger* (1967), 13 Ohio App. 2d 108.

The General Assembly amended R.C. 4511.19 effective Jan. 1, 1968, by enacting, , in *132 Ohio Laws 1632 the following:*

*"Sec. 4511.19. No person who is under the influence of alcohol, narcotic drugs, or opiates shall operate any vehicle, streetcar, or trackless trolley within this state.*

*In any criminal prosecution for a violation of this section, or ordinance of any municipality relating to driving a vehicle while under the influence of alcohol, the court may admit evidence on the concentration of alcohol in the defendant's blood at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation. When a person submits to a blood test at the request of a police officer under section 4511.19 of the Revised Code, only a physician or a registered nurse shall withdraw blood for the purpose of determining the alcoholic content therein. This limitation does not apply to the taking*

*of breath or urine specimens. Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code.  Such evidence gives rise to the following:*

(A) If there was at that concentration of less than fifteen hundredths of one per cent by weight of alcohol in the defendant's blood, such fact shall not give rise to any presumption that the defendant was or was not under the influence of alcohol, but such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant;

(B) If there was at that time a concentration of fifteen hundredths of one per cent or more by weight of alcohol in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol."[2]

The purpose of enacting the statutory presumptions, when the test specimen was withdrawn in two hours and analyzed pursuant to Department of Health regulations, was to make the test result admissible without expert testimony. *State v. Vega (1984), 12 Ohio St. 3d 185; State v. Myers* (1971), 26 Ohio St. 2d 190; *State v. Scheurell, supra; State v. Brockway* (1981), 2 Ohio App. 3d 227.

*Barber v. Curry* (1974), 40 Ohio App 2d 346, held that "R.C. 4511.19 indicates that it does not impose an exclusionary rule with regard to chemical tests, *regardless of when they are given.*" (Emphasis added).  The court came to such a conclusion through analysis of the legislation creating the two hour time limitation in R.C. 4511.19.  In regard to the relationship between the statutory presumptions and the two hour time limit specified, the *Barber* court stated, at 351, as follows:

"The two-hour time limitation set forth in R.C. 4511.19 *relates not to the admissibility of chemical tests, when properly qualified,* but, rather, as to when evidence of such test will give rise to the presumptions set forth in R.C. 4511.19.  Accordingly, R.C. 4511.19 does not preclude the admissibility of evidence, otherwise properly qualified of

chemical tests administered subsequent to the two hour time period set forth therein, but *merely precludes evidence of a test not given within such time period from giving rise to the presumptions set forth in R.C. 4511.19."* (Emphasis added)  See also State v. Hernadez (1978), 62 Ohio App. 63; *State v. Gates* (1983), 10 Ohio App. 3d 265.

Effective March 16, 1983, the General Assembly, in 139 Ohio Laws 945, repealed the statutory presumptions and amended the statute to its present form set forth above.  While the traditional under the influence language was retained in subsection (A)(1), separate per se violations were enacted in subsection (A)(2), (A) (3), and (A)(4).  *State v. Boyd* (1985), 18 Ohio St. 3d 30, held, with respect to the per se proscription, that it was only necessary to prove an accused operated a motor vehicle with the prohibited concentration of alcohol in his breath and that the appellee's manner of speech, walking, and other symptoms were irrelevant and inadmissible in a per se violation prosecution.  Thus, a marked distinction exists between admissible evidence in R.C. 4911.19(A) (2) through (A)(4) and admissible under R.C. 4511.19(A)(1) where physical manifestations of intoxication have historically been and are still admissible.

With respect to the per se violations, a chemical test is admissible, without expert testimony, if the requirements of R.C. 4511.19(B), including the two hour limitation, are met.  *State v. Ulrich* (1984), 17 Ohio App. 3d 182.

What is the effect of repeating the presumptions with respect to R.C. 4511.19(A)(1) violations?  It is to be noted that what is proscribed as an element is being under the influence of alcohol and proof of a specified alcohol level in breath, blood, or urine is not an element.  The Franklin County Court of Appeals in *State v. Scheurell, supra,* stated at 219, with which we agree, the following:

"Accordingly, it would appear that we have reverted to the pre-presumption version of the statute, insofar as proving a charge of driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1) is concerned.  Under those circumstances, the logic supporting Parton v. Weilnau, *supra,* remains compelling.  Because the field of chemical testing for alcohol concentration is beyond the common knowledge of

laymen, a jury is not qualified to assess this kind of special scientific evidence, if unassisted by a knowledgeable expert."

Thus, in a R.C. 4511.19(A)(1) prosecution expert testimony pursuant to Evid. R. 702 is necessary to explain the test result to the jury as to the effect upon the defendant as to whether or not he was under the influence of alcohol. Otherwise the test result is not relevant and is inadmissible.

There is nothing in the history of R.C. 4511.19 manifesting the intention of the General Assembly to prohibit chemical tests conducted outside of the two hour limitation if foundational expert testimony is presented disclosing that the test result is relevant and probative. What is apparent from the various amendments to R.C. 4511.19 is the General Assembly has manifested an intention to facilitate the prosecution and conviction of persons consuming alcohol and operating motor vehicles first by the utilization of presumptions and thereafter by per se violations.

Since the interpretation of R.C. 4511.19(B) urged by appellant that *all* chemical tests not taken within two hours may not be admitted into evidence, even though shown by expert testimony to be accurate, relevant, and probative evidence, is supported by neither statute, express or implied, or decisional law, we hold the trial court properly admitted the breath test into evidence.

The first assignment of error is overruled.

Appellant argues under the second assignment of error that the court erred in permitting the state to call their expert witness, Dr. John T. Ward, for the reason the name of such witness had not been disclosed. It appears from the record that no request for discovery pursuant to Crim. R. 12 or 16 was made by appellant.

Crim. R. 12(D) provides for notice to be given by the prosecuting attorney of the intention to use evidence, but such notice is discretionary only, unless a criminal defendant makes an affirmative request at arraignment or as soon thereafter as practical. Ohio Crim. R. 16 is the general discovery provision in criminal cases, but requires affirmative action through request or motion on the part of the defendant. A failure to make a request or file a timely motion results in a waiver of the right to discovery. *Ray v. Tate* (1987), 651 F. Supp. 1412. (S.D. Ohio).

A pretrial was held by the court, but a transcript of such hearing is not in the record. Assuming, arguendo, that an oral request was made for the disclosure of the name of the expert witness, we find no error in the admission of the testimony., Crim. R. 16 E(3) grants discretion to the court for failure to comply with the discovery rule or court order. Under the circumstances here where the prosecuting attorney advised counsel for appellant that an expert witness would be testifying and no request was made for the name of the expert and no request for continuance was made by appellant, no abuse of discretion was shown.

Accordingly, the second assignment of error is overruled and the judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

ABELE, P. J., & GREY, J. Concur

---

[1] Since only a partial transcript of trial appears in the record and is confined only to the admission of the test result and an expert witness interpreting such test, we cannot determine if other evidence of appellant being under the influence was presented but, since no weight of evidence argument is assigned, we assume such evidence was introduced.

[2] In 1970 an amendment was added to include drug of abuse as well as alcohol, 133 Ohio Laws 2742, and in 1971, Section A was amended by reducing the fifteen hundredths per cent to ten. 134 Ohio Laws 39.