THE STATE OF OHIO, APPELLEE, *v.* HICKS, APPELLANT.

(No. 34575—Decided May 8, 1976.)

*Mr. John T. Corrigan*, for appellee.
*Mr. J. Gary Seewald*, for appellant.

KRENZLER, J. On August 30, 1974, the Cuyahoga County Grand Jury returned a four-count indictment against the appellant, John H. Hicks. The first count charged the appellant with the commission of aggravated robbery (R. C. 2911.01) on July 26, 1974. This count of the indictment was tried separately and forms no part of the within appeal. The second count of the indictment charged the appellant with the commission of aggravated burglary (R. C. 2911.-11) on July 5, 1974, while the third and fourth counts charged him with rape (R. C. 2907.02), also on July 5, 1974. At his arraignment on September 12, 1974, the appellant entered a plea of not guilty to the offenses charged.

On September 19, 1974, the appellant made a written request for discovery to the prosecuting attorney pursuant to Criminal Rule 16(A). In this request, the appellant sought discovery and inspection, with the right to a copy of a number of items, including a summary of any oral statement made by him.

The record does not reflect that the prosecuting attorney responded to this request. However, at the time of trial, defense counsel stated for the record that the prosecuting attorney, in response to the pre-trial request for discovery, had advised him that the appellant had made a written statement and had furnished him a copy of said written statement and also had advised him that the appellant had made an oral statement but had not provided him with a written summary of such oral statement. The record shows that the appellant did not file a pre-trial motion for discovery pursuant to Criminal Rule 16(A) after the prosecuting attorney had not fully complied with his written request. No action other than the request for discovery was taken by the appellant prior to trial. At the time of trial, when the prosecuting attorney attempted to introduce evidence of the appellant's oral statement, the appellant ob-

jected on the ground that the prosecuting attorney had not complied with Criminal Rule 16. The trial court over-ruled this objection.

On October 11, 1974, a jury trial on the July 5, 1974, charges (aggravated burglary and two counts of rape) was commenced in the Common Pleas Court. The state presented three witnesses, the victim and detectives Timothy Gaffney and Albert Kaminsky of the Cleveland Heights Police Department. The defense also presented three witnesses: the appellant himself, Detective Kaminsky, and Gail Arnold, a person responsible for medical records at Huron Road Hospital.

During the state's case in chief, the trial court allowed Detective Kaminsky to testify, over the appellant's objection, to the contents of an oral statement made to him by the appellant.

Detective Kaminsky testified that on July 29, 1974, after he had advised the appellant of his constitutional rights, the appellant had made an oral statement in which he at first denied ever having seen the victim before July 29, 1974, but in which he then admitted that it was he who had been in her apartment and had assaulted the victim on July 5, 1974. Detective Kaminsky further testified that after making the oral statement to him, the appellant then gave a written statement. This written statement was marked for identification during the course of the trial and used by the prosecuting attorney for cross-examining the appellant, after the oral statement had already been admitted into evidence, but the written statement was never offered for admission into evidence and is not part of the record before this court.

On October 17, 1974, the jury returned a verdict in which it found the appellant not guilty of aggravated burglary or burglary, but guilty of criminal trespass (R. C. 2911.21), a lesser included offense under the charge of the second count of the indictment; not guilty of rape as charged in the third count of the indictment; and guilty of rape (R. C. 2907.02) as charged in the fourth count of the indictment.

On February 7, 1975, the Common Pleas Court sentenced the appellant to a term of six months imprisonment on the criminal trespass conviction and to a term of from four to twenty-five years imprisonment on the rape conviction. This judgment was filed with the clerk for journalization on February 19, 1975.

On March 10, 1975 the appellant filed a timely notice of appeal and assigns two errors for this court's consideration:

"I. The trial court erred in overruling defendant's objection to the introduction of testimony concerning an oral statement made by the defendant which created a substantial prejudice to the defendant.

"II. The trial court erred in allowing the case to go to the jury since as a matter of law there was insufficient evidence to establish guilt beyond a reasonable doubt and the judgment rendered in this action is against the manifest weight of the evidence."

In his first assignment of error, the appellant contends that the trial court committed prejudicial error in admitting into evidence his oral statement made to Detective Kaminsky on July 29, 1974, because prior to trial the state had not provided him with a written summary of such oral statement as required by Criminal Rule 16.

The first assignment of error is concerned with Criminal Rule 16, entitled "Discovery and Inspection."

The portions of Criminal Rule 16 relevant to this case are contained in Rule 16(A), 16(B)(1)(a), 16(E)(3) and 16(F). These portions of the rule provide as follows:

"(A) Demand for discovery. Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided. * * *

"(B) Disclosure of evidence by the prosecuting attorney.

"(1) Information subject to disclosure.

"(a) Statement of defendant or co-defendant. Upon motion of the defendant, the court shall order the prose-

cuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:

"(i) Relevant written or recorded statements made 'y the defendant or co-defendant, or copies thereof:

"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer;

"(iii) Recorded testimony of the defendant or co-defendant before a grand jury. * * *

"(E) Regulation of discovery. * * *

"(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this ule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

"(F) Time of motions. A defendant shall make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. The prosecuting attorney shall make his motion for discovery within seven days after defendant obtains discovery or three days before trial, whichever is earlier. The motion shall include all relief sought under this rule. A subsequent motion may be made only upon showing of cause why such motion would be in the interest of justice."

Criminal Rule 16(A) contemplates a two-step process. Firstly, it provides that a party desiring information from the other party shall make a written request for discovery to that party. Presumably, the other party will respond. However, if there is no response, or if there is an incomplete or inadequate response, the rule secondly provides

that the requesting party file a timely motion for discovery and certify that demand for discovery has been made and that discovery has not been provided. Criminal Rule 16(A), and (F).*

In the first instance, when demand or request is made by one party upon the other, only interaction between the parties is contemplated. However, in the second instance, when a motion is filed, the motion is directed to the court and it is the court that will act and order the other party to comply with the requirements of Criminal Rule 16 by furnishing the information required thereunder.

Rule 16(B)(1)(a) provides that upon the filing of the above motion by the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy certain information that the prosecuting attorney may have.

Also, Criminal Rule 16(E)(3) provides for sanctions. This section states that if any party fails to comply with Rule 16, or an order issued pursuant to Rule 16, the court may order the party to permit discovery or inspection, grant a continuance, or prohibit the party from introducing into evidence the material not disclosed.

However, in order for one party to invoke the sanctions of Criminal Rule 16(E)(3), such party must first comply with all of the requirements of Criminal Rule 16 itself, and the other party must fail to comply. This means that the party must first make a written request for discovery to the other party. If the other party does not comply with the written request, the requesting party must then file a motion with the court certifying that demand for discovery has been made and that discovery has not been provided. Criminal Rule 16(A) and 16(F). Then the trial court may act upon the motion and, in the case of a motion by the defendant, order the prosecuting attorney to permit the

*It is noted that Criminal Rule 16(F) permits the filing of a motion for discovery at such later reasonable time as the court may permit. This gives the trial court discretion to grant an untimely motion for discovery. Because the appellant did not file a motion for discovery, timely or untimely, in this case, we do not have this issue before us.

defendant to inspect and copy or photograph any relevant written or recorded statement made by the defendant, or written summaries of any oral statement, as provided for in Criminal Rule 16(B)(1)(a).

A party should not merely make a written request for discovery, then, if there is no response or if he is not satisfied with the response, take no further action, and then at trial object to the introduction of the material requested. At this point it is too date. By not making a motion, the party waives his right to object to the introduction of such undisclosed evidence at trial. In order for a party to take advantage of discovery under Criminal Rule 16, he must comply with the requirements of Criminal Rule 16(A) and 16(F), or he has waived his rights.

In the present case the trial court did not abuse its discretion in allowing the appellant's oral statement into evidence. The record clearly reflects that the appellant made a written request for discovery. Further, the appellant acknowledged that the prosecuting attorney did inform him of the existence of an oral statement prior to trial and pursuant to the request. However, the appellant did not file a motion prior to or during trial seeking a written summary of the statement. Because he was informed of the existence of the oral statement, the appellant was not caught by surprise when the state introduced the oral statement into evidence. If the appellant was dissatisfied with the state's response to his request for discovery, he could have filed a motion with the trial court, pursuant to Criminal Rule 16(A), certifying that demand for discovery had been made by him and that such discovery had not been provided. The trial court would then have ordered the prosecuting attorney to provide such written summary as required by Criminal Rule 16(B)(1)(a). The appellant's complaint of a violation of Criminal Rule 16 at the time of trial was improper because he had waived his discovery rights. He had ample opportunity to attempt to compel the prosecuting attorney to comply with Criminal Rule 16 prior to trial. The first assignment of error is not well taken.

In his second assignment of error, the appellant makes two contentions: that the trial court erred in overruling his motion for a judgment of acquittal, and that the judgment is against the weight of the evidence. This assigned error is not well taken.

R. C. 2911.21 defines the crime of criminal trespass:

"No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another * * *."

R. C. 2907.02 defines the crime of rape:

"No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender purposely compels the other person to submit by force or threat of force."

The state's key witness in this case was the victim. A brief summary of both her testimony and that of the appellant is as follows.

The victim testified that she resided in an apartment in Cleveland Heights; that she was single; and that at 12:30 A. M. on July 5, 1974, she returned to her apartment from an outing, parked her car adjacent to the apartment building, and began carrying boxes from her car to her apartment. The victim testified that after several trips to and from her car, she went into her bedroom; that the appellant jumped out from under her bed, grabbed her by the arms, and told her to "shut up"; that she then screamed very loudly; and that the appellant began kissing her. The victim testified that although she vigorously resisted the appellant's advances, he held his fist in her face and verbally threatened her, and that the appellant had forcible intercourse with her. The victim further indicated that after the intercourse the appellant left and that she then called the police. The victim testified categorically that she had not given the appellant permission to enter her apartment and that she in no way consented to the intercourse with him.

The appellant took the stand in his own behalf and testified essentially that the victim had invited him to her

apartment and that she had consented to the intercourse.

Regarding the contention that the trial court erred in overruling the appellant's motion for acquittal, the victim's testimony, summarized above, clearly indicates that the state of Ohio produced sufficient evidence of both criminal trespass and rape to enable a jury of reasonable persons to find the appellant guilty of those offenses beyond a reasonable doubt. The trial court did not err in overruling the appellant's motion for acquittal.

Regarding the contention that the judgment is against the weight of the evidence, clearly the weight to be given to the evidence and the credibility of witnesses are matters for the trier of the facts. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230. It is apparent that the jury in this case gave great weight to and believed the testimony of the victim and did not give weight to and believe the testimony of the appellant. The judgment of the Court of Common Pleas is not against the weight of the evidence.

*Judgment affirmed.*

JACKSON, C. J., and MANOS, J., concur.