**Antonio M. RAY, Petitioner,**

v.

**Arthur TATE, Jr., Supt., Respondent.**

**Civ. A. No. C–2–84–1559.**

United States District Court, S.D. Ohio, E.D.

Feb. 2, 1987.

---

Philip H. Sheridan, Jr., Jones & Sheridan, Columbus, Ohio, for petitioner.

Anthony J. Celebrezze, Jr., Atty. Gen. and James A. Carr and Behtene A. Lindstedt, Asst. Attys. Gen., Columbus, Ohio, for respondent.

## OPINION AND ORDER

GRAHAM, District Judge.

This matter is before the court on the Respondent's objection to the February 12, 1986 report and recommendation of the Magistrate.

The Petitioner alleges that he is in custody in violation of the United States Constitution on the following grounds:

1. The refusal of the prosecution to honor petitioner's request for disclosure of the informant's identity prejudiced his defense.

2. The prosecution's inquiry during cross-examination of petitioner as to a prior drug related arrest which did not result in a conviction prejudiced petitioner's right to a fair trial.

■ In her report and recommendation of February 12, 1986, Magistrate King concluded that the Petitioner's second claim was not well taken. The Magistrate found that the petitioner had waived this claim by failing to assert it in his direct appeal to the Supreme Court of Ohio and further concluded that in any event the Petitioner was not denied a fundamentally fair trial as a result of the prosecutor's cross-examination on plaintiff's prior arrest on drug related charges. The court concurs in these conclusions and adopts the Magistrate's report and recommendation in that regard.

The Magistrate concluded that the Petitioner's first claim was well taken and that the prosecutor's refusal to disclose the identity of the informant was a violation of the defendant's constitutional rights.

The court does not feel that, on the present state of the record, the Petitioner is entitled to have that claim determined on its merits. Respondent claims that the Petitioner failed to timely and properly raise this issue under the appropriate Ohio Rule of Criminal Procedure. Ohio Rule of Criminal Procedure 12(B) states that:

Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised before trial:

. . . . .

(4) Requests for discovery under Rule 16.

Rule 12 further provides:

(G) Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial ... shall constitute waiver thereof....

Furthermore, Rule 16 of the Ohio Rules of Criminal Procedure states:

**1414**

(A) *Demand for discovery.* Upon written request each party shall forthwith provide the discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided.

.    .    .    .    .

(B)(1)(e) *Witness names and addresses; record.* Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the prosecuting attorney may move the court to perpetuate the testimony of such witnesses in a hearing before the court, in which hearing the defendant shall have the right to cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the state's case in chief, in the event the witness has become unavailable through no fault of the state.

(f) *Disclosure of evidence favorable to defendant.* Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.

(F) *Time of motions.* A defendant shall make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. The prosecuting attorney shall make his motion for discovery within seven days after defendant obtains discovery or three days before trial, whichever is earlier. The motion shall include all relief sought under this rule. A subsequent motion may be made only upon showing of cause why such motion would be in the interest of justice.

Ohio Criminal Rule 47 requires that a motion state with particularity the grounds upon which it is made and set forth the relief or order sought.

■ Respondent contends that under Ohio procedure, a defendant must, at an appropriate time and in an appropriate manner, make demand for discovery by way of motion, oral or written, thus according the court the opportunity to make specific findings of fact and law based upon that motion. Respondent cites Ohio law to the effect that a defendant's failure ·to make such a motion on the record results in waiver. See: *State v. Moody,* 55 Ohio St.2d 64, 377 N.E.2d 1008 (1978). A defendant who makes no timely motion for discovery waives his right to discovery. *State v. Hicks,* 48 Ohio App.2d 135, 356 N.E.2d 319 (1976); *State v. Cross,* 48 Ohio App.2d 357, 357 N.E.2d 1103 (1975). Rule 16 requires a timely motion to obtain the identity of an informant. *State v. Staten,* 14 Ohio App.3d 78, 470 N.E.2d 249 (1984). The filing of a proper motion is essential to bring the issue of disclosure to the trial court's attention, to implement the defendant's responsibility of establishing by evidence his need for that information, and to allow the trial court to perform the balancing test required on a case by case basis. See: *State v. Patterson,* 28 Ohio St.2d 181, 277 N.E.2d 201 (1971); *State v. Williams,* 4 Ohio St.3d 74, 446 N.E.2d 779 (1983); *State v. Butler,* 9 Ohio St.3d 156, 459 N.E.2d 536 (1984). Respondent contends that defendant made no such motion at any time, either before or during trial,

and this is supported with a copy of the docket sheet in Petitioner's case and affidavits from the trial judge and prosecuting attorney.

The record of the state court proceedings demonstrates only one instance in which Petitioner's counsel requested the identity of the informant and this was by way of a question addressed to one of the arresting officers on cross-examination. (See: Tr. p. 29). Respondent contends that this was not the proper way to request this information under applicable state procedure and was insufficient to preserve the matter for appeal in the state appellate system.

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a state prisoner barred by a procedural default from raising a claim in state court could not litigate that same claim in a collateral challenge to his conviction pursuant to 28 U.S.C. § 2254, absent a showing of cause and prejudice. The *Sykes* rule was designed to minimize federal intrusion into the operation of the criminal justice systems of the states by insuring that the state courts would have the first opportunity to correct constitutional errors. *Sykes* was based on the further premise that the principle of finality was best served by a rule that allowed a state to enforce its own rules of procedural default. However, the cause and prejudice standard adopted in *Sykes* is not applied when the state court overlooks the procedural default and instead disposes of the issue on its merits. See: *County Court of Ulster v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

In *Raper v. Mintzes*, 706 F.2d 161 (1983), the United States Court of Appeals for the Sixth Circuit set forth rules to be followed in determining whether or not the basis of a state court decision was procedural default. The Sixth Circuit held that where the basis for the state court's decision is unclear, the federal habeas court must look to the arguments presented to the state court. Adopting the approach taken by the Second Circuit in *Martinez v. Harris*, 675 F.2d 51 (1982) the court held that if the

state prosecutor argued only the merits of the petitioner's claim before the state court and failed to raise the procedural default issue, the federal court may assume that the state court ruled only on the merits. If the prosecutor relied solely on the procedural default, the federal court may assume that it was the only basis for the state court's decision. However, if the prosecutor argued in the alternative, the federal court may assume that the state court did not rely solely on the merits unless it says so. In *McBee v. Grant*, 763 F.2d 811 (6th Cir.1985), the court further held that where the state court disposes of a claim on the basis of a procedural default but also discusses the merits, the *Sykes* rule applies if the procedural default was at least a "substantial basis" for the decision.

Following his trial and conviction, Petitioner appealed to the Court of Appeals for Hamilton County, Ohio. In the Court of Appeals his first assignment of error was as follows:

> The trial court committed reversible error by denying defense counsel's request for divulgence of the informant's identity.

While the prosecution's brief is not before this court, the Memorandum Decision and Judgment Entry of the Court of Appeals indicates that it did argue this issue in the alternative. The court first discussed the merits of the appellant's first assignment of error and while its statements would be consistent with rejection of that assignment error on its merits such a conclusion is not explicitly stated. Instead the discussion is immediately followed by the following statement:

> The record on appeal does not contain a transcript of the hearing on appellant's pre-trial motion for divulgence of the informant's identity. Appellant's first assignment of error is overruled.

This falls far short of an indication that the state court relied solely on the merits. Indeed, since the procedural default is mentioned last and is immediately followed by the court's decision overruling the assign-

ment of error, it appears that the procedural default may have been decisive.

After losing in the Court of Appeals, Petitioner then requested discretionary review by the Supreme Court of Ohio. In its memorandum opposing jurisdiction, the prosecution presented the following proposition of law.

Where the appellate record does not contain the transcript of a pre-trial hearing regarding the name of the informant, the defendant cannot challenge that ruling on appeal.

The Supreme Court overruled defendant's motion for leave to appeal without comment.

Thus, pursuant to the rules set forth in *Raper v. Mintzes, supra,* this court cannot conclude that the disposition of the Petitioner's appeal in the state court system was based on the merits. The record before the court indicates that the procedural default formed, at the very least, a "substantial basis" for the decision, *McBee v. Grant, supra.* Accordingly, Petitioner's claim must be evaluated in light of *Wainwright v. Sykes.*

In reaching this decision, this court is persuaded that the Petitioner did not adequately present his claim to the state court trial judge. He did not make a proper discovery motion either orally or in writing. Had he done so, it seems quite possible that the state court judge would have conducted an *in camera* interrogation of the informant and made a determination as to whether or not the Petitioner would be denied a fair trial in the absence of his testimony. Magistrate King attempted to accomplish this but the informant is now unavailable. Petitioner should not benefit from his own lack of diligence in failing to properly raise the issue during his trial, when the informant was more likely to have been available. The transcript of the state court trial indicates rather clearly that the question of the identity of the informant was not raised in the context of Petitioner's desire to explore his potential as a defense witness but instead to show that the informant himself may have been

a known law breaker, thus tainting the entire controlled drug purchase as described by the arresting officers. When the question was asked and objected to, Petitioner's counsel specifically stated the following reason for asking the question:

I am asking him for the name of the informant, because I think the transaction that took place here obviously offers the opportunity for abuse. I think the court can take judicial notice that informants are not always the most honest and upstanding individuals in society. I think there is a possibility that if this informant were a dishonest individual, there is a certain possibility of abuse in terms of handling the drugs and the money involved here. (Tr. p. 29).

Defendant's counsel never suggested that the informant might possess exculpatory information or that he wanted to call him as a witness. Had he done so, the approach taken by the state court judge may have been entirely different. Having failed to make an adequate request or an adequate record in the state court, Petitioner should not now be heard to claim that the state court violated his constitutional rights by refusing to require the prosecutor to reveal the identity of the informant as a potential or possible defense witness.

In accordance with the foregoing discussion, the court hereby refers this matter back to the Magistrate for a further hearing to afford petitioner the opportunity to establish cause and actual prejudice in accordance with the dictates of *Wainwright v. Sykes.* At the same time, the court would ask that the Magistrate further determine whether or not the informant would have been available for *in camera* interrogation in the event the state court trial judge had requested same at the Petitioner's trial. See: *U.S. v. Lloyd,* 400 F.2d 414, 416 (6th Cir.1968). Finally, the court would request that the Respondent file herein a copy of the appellee's brief filed in the state Court of Appeals.

It is so ORDERED.