The STATE of Ohio, Appellant,

v.

HORTON, Appellee.

[Cite as *State v. Horton* (1993), 90 Ohio App.3d 157.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–616.

Decided Sept. 2, 1993.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellant.

*Judith M. Stevenson,* Franklin County Public Defender, and *Allen V. Adair,* Assistant Public Defender, for appellee.

TYACK, Judge.

On January 13, 1993, Willie B. Horton, Jr. was indicted on a charge of felonious assault with a specification that he had previously been convicted of an offense of violence and a specification that he had caused physical harm to John McGrew. Horton was already in custody on the charge. He was arraigned on January 19, 1993 and, two days later, his court-appointed counsel filed a detailed demand for discovery. The case was initially set for trial on February 24, 1993.

The state apparently responded to the demand for discovery with its own demand for discovery. The certificate of service is undated and no file stamp appears on the demand, so the timing of the response and the full content of the response cannot be ascertained. The state's demand included that the assistant prosecuting attorney assigned was "herein certifying that the defendant demanded discovery and the State has heretofore provided same."

On February 16, 1993, counsel for Horton filed a motion to compel discovery, which indicated that as of February 12, 1993, the prosecution had failed to provide discovery as demanded.

On February 18, 1993, the prosecution filed subpoenas for John McGrew and a physician. The next day, the prosecution filed subpoenas for two police officers.

On February 23, 1993, counsel for Horton filed a witness list as discovery. The certificate of service indicated that the witness list had been served the previous day.

On February 24, 1993, the parties jointly moved for a continuance of the trial date for the reasons indicated that "motion to compel discovery just filed, need to do additional preparation * * *." The case was given a new trial date of March 31, 1993.

On March 8, 1993, counsel for Horton sent a letter to the assistant prosecuting attorney assigned to the case reiterating the need to obtain full discovery and acknowledging that some discovery had been obtained.

On March 19, 1993, counsel for Horton filed a second motion to compel discovery. On the same date, counsel for Horton filed a motion asking for dismissal of the charge because of the state's "misconduct in failing to provide full discovery in a timely manner required by Criminal Rule 16."

Counsel later filed a motion seeking suppression of Horton's statement to police and of certain physical evidence.

The trial court held the case one day past the scheduled trial date and journalized the following entry:

"The above-styled case, having been called for trial on April 1, 1993, is hereby DISMISSED with prejudice due to the State's failure to provide full discovery in a timely manner."

The state has appealed the dismissal, assigning two errors for our consideration:

"I.   The trial court abused its discretion in dismissing the indictment.

"II.   The court erred in dismissing the indictment 'with prejudice.'"

Because the issues are closely related, we will discuss them together.

The record indicates that the assigned trial judge felt that the Office of the Prosecuting Attorney of Franklin County was consistently failing to provide discovery in a timely manner, which had repeatedly necessitated the continuance of assigned trial dates.  The judge made efforts to solve the problem by discussing the problem first with the immediate supervisor of the assistant prosecuting attorney who appeared in his courtroom and then by talking to the chief of the criminal trial staff for the prosecuting attorney's office.  The discussion with the former elicited promises of improvement.  The discussion with the latter elicited denial that the problem perceived by the judge existed.

The record further reflects that the first trial date was continued because of problems caused by delays in discovery.  More than a month elapsed between the problem being brought to the trial judge's attention and a response which included very basic discovery material, such as a tape recording of Horton's statement to the police.

The record indicates that John McGrew was stabbed in the neck by someone and that the knife blade was still lodged in his neck when he was treated at a hospital.  Counsel for Horton had to know what Horton said to police detectives at the time of his arrest.  In fact, before evaluating whether to go to trial or whether to seek the best possible plea agreement, counsel needed to know what the tape recording of Horton's statement indicated.

In the present case, defense counsel was not informed that a tape recording existed until two days before the second trial date.  By that time, counsel could not reasonably be expected to be prepared for trial, especially since a copy of the tape was not available for review until later still.

In dismissing the case, the trial court noted that Horton had been held in jail for almost ninety days, the limit allowed for trial for persons held in jail solely on the pending charge pursuant to R.C. 2945.71 *et seq.*  Although Horton also was being held on a parole holder, the parole holder had been lodged because of the

felonious assault charge and the allegation underlying it. The trial judge felt that the ninety-day limit should not be exceeded because the discovery mandated by Crim.R. 16 had not been provided. Therefore, the trial court felt that dismissal with prejudice was appropriate.

This situation is not resolved simply. McGrew, who was stabbed in the neck, can be expected to be outraged if the person who stabbed him is freed from all responsibility because of communication problems among the police, the office of the prosecuting attorney, and counsel for Horton. On the other hand, if Horton did not do the stabbing or was acting in self-defense, he has a right to a speedy and public trial to exonerate himself.

The Supreme Court of Ohio has provided guidance in how to balance such competing interests in *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138. The syllabus paragraphs read:

"1. The filing of a motion to compel discovery is not a prerequisite to the trial court's imposing sanctions pursuant to Crim.R. 16. (*State v. Hicks* [1976], 48 Ohio App.2d 135, 2 O.O.3d 107, 356 N.E.2d 319, disapproved.)

"2. A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery."

Although the *Papadelis* case involved sanctions to be applied when a criminal defendant fails to comply with Crim.R. 16, the syllabus does not imply that one standard applies to the plaintiff in a criminal case and a different standard applies to the defendant. We therefore must determine whether the trial judge in Horton's case imposed the least severe sanction which was consistent with the purpose of the rules of discovery. Because we find that the trial judge did not impose the least severe, appropriate sanction, we reverse the trial court's judgment.

The trial judge had a range of sanctions available well short of dismissal with prejudice. Specifically, the trial court had the option of barring the admissibility of all evidence which was not provided in discovery. The trial court could even have barred the admission into evidence of the defendant's statement if summaries which were provided differed materially from the tape recording which was not provided until close to the trial date. The trial court could also have continued the trial date in conjunction with the imposition of sanctions.

As a result, we sustain both the first and second assignments of error. We reverse the judgment of the trial court and remand the case with instructions to conduct a new hearing to determine appropriate sanctions short of dismissal and

consistent with *Papadelis.* We also remand the case for other appropriate proceedings.

*Judgment reversed
and cause remanded.*

DESHLER and CLOSE, JJ., concur.