I concur with the majority's conclusion that the trial court lost jurisdiction to dismiss the case when the state filed its appeal. However, I believe that the majority has improperly substituted its judgment for that of the trial court on the discovery issue. "It is * * * well settled that the allowance or overruling of various discovery motions in a criminal case rests within the sound discretion of the trial court, and only in cases of clear abuse will that discretion be disturbed upon review."
State v. Laskey (1971), 21 Ohio St.2d 187, 191, vacated on other grounds Laskey v. Ohio (1972), 408 U.S. 936. An abuse of discretion is more than an error of law or of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. State v. Long (1978), 53 Ohio St.2d 91, 98.
In this case, the court had before it allegations of multiple and cumulative refusals by the state to provide complete discovery. After initially denying sanctions, the court ultimately concluded that such sanctions were warranted. It is not our job to redo the court's analysis, only to determine whether the result was within the court's broad discretion. In my view, the state's refusal to turn over evidence of a prior unprosecuted and, arguably, false abuse violation was a rule violation and was sanctionable by itself. Therefore, the court acted within its discretion when it imposed sanctions. I would affirm the trial court's decision in that regard.
Whether the court's decision to suppress all evidence was proper is another question. See State v. Horton (1993),90 Ohio App.3d 157, 160. An analysis of that should be undertaken.