OPINION
Appellant, Mark Turner, is appealing the judgment of the Greene County Common Pleas Court, which convicted him of theft by deception.
On January 4, 2001, Mr. Turner was employed as a sales associate at the Sears and Roebuck (hereinafter "Sears") store located at the Mall at Fairfield Commons, in the city of Beavercreek, Greene County, Ohio. On that date, Mr. Turner credited his girlfriend, Ms. Howard's, credit card account with $547. The transaction performed by Mr. Turner indicated that a cash payment of $547 had been tendered on the account. The overage and shortage tracer for Sears discovered that Mr. Turner's drawer was short approximately $550 in cash and noted the $547 transaction, which she brought to the attention of the associate protection manager for the Sears store, Mr. Lovill.
Mr. Lovill contacted Mr. Turner, who came into Mr. Lovill's office. Mr. Turner told Mr. Lovill that he had performed the transaction for Ms. Howard, who was his girlfriend, but that he had engaged her in conversation and forgotten to take the cash from her. Mr. Turner called Ms. Howard and asked her to bring in the money and wrote out a statement of this version of events for Mr. Lovill. When Ms. Howard did not show up with the funds, Mr. Lovill contacted the police. When the police questioned Mr. Turner, he told a different version of events. Mr. Turner now stated that he had been attempting to discover the balance on Ms. Howard's account and had inadvertently credited her account. Mr. Turner further stated that he had placed the receipt from the transaction in a bag which he turned in and believed this would void the transaction.
Mr. Turner was indicted by the State of Ohio (hereinafter "State") on one count of theft by deception, a fifth degree felony in violation of R.C. 2913.02(A)(3). A trial on the matter was held on May 7, 2001. At trial, Mr. Turner testified to the version of events he had told the police. The State presented evidence relating the events and Mr. Turner's previous conflicting story. Also, Sears personnel testified about the many steps Mr. Turner would have had to take to credit Ms. Howard's account with the $547 and that all Sears associates had been taught that they could not access account balance information on the cash registers. In addition, the State presented testimony that, on a previous occasion, Mr. Turner had given Ms. Howard large impermissible discounts on Sears merchandise, such as a $179 stereo being sold to Ms. Howard for $24.99. Mr. Turner did not object to this testimony, and his counsel referred to it in the cross and direct examination of several witnesses. Mr. Turner was found guilty as charged. On June 14, 2001, Mr. Turner was sentenced to five years of community control sanctions. Mr. Turner has filed this appeal of his conviction and sentence.
Mr. Turner raises the following three assignments of error:
 1. THE FAILURE OF THE STATE TO DISCLOSE IN DISCOVERY THE EVIDENCE OF "OTHER ACTS" WHICH IT HAD IN ITS POSSESSION, WHICH WERE MATERIAL TO THE PREPARATION OF A DEFENSE, AND WHICH ULTIMATELY WERE PRESENTED AT TRIAL, WAS A VIOLATION OF DUE PROCESS AND THE RULES OF CRIMINAL PROCEDURE.
 2. THE COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED THE TESTIMONIAL EVIDENCE OF OTHER ACTS TO GO UNSTRICKEN.
 3. APPELLANT'S CONVICTION WAS NOT IN ACCORD WITH THE MANIFEST WEIGHT OF THE EVIDENCE.
 Appellant's first assignment of error:
Mr. Turner argues that his right to due process and the criminal rules were violated by the failure of the State to provide in discovery to Mr. Turner or his counsel "other acts" evidence that the State planned to present at trial. We disagree.
Crim. R. 16(A) provides: "Upon written request each party shall forthwith provide discovery herein allowed. Motions for discovery shall certify that demand for discovery has been made and the discovery has not been provided." (emphasis added). If a party fails to make a written request for discovery pursuant to Crim. R. 16 within the required time period, he waives his right to take advantage of discovery. State v.Peterson (Nov. 29, 1996), Trumbull App. No. 96-T-5456, unreported, citingState v. Hicks (1976), 48 Ohio App.2d 135. The failure to make a written request pursuant to Crim. R. 16 precludes a defendant from objecting on those grounds to the introduction of the evidence at trial. Id.
Mr. Turner argues that testimony which was elicited regarding "other acts" evidence violated his right to due process and the criminal rules because he was not given discovery demonstrating that this evidence would be presented by the State. The State offered the testimony of the Associate Protection Manager, Mr. Lovill, for the Sears store for which Mr. Turner worked. In addition to testifying about his involvement in the incident, Mr. Lovill testified that Mr. Turner had previously given Ms. Howard impermissible discounts of as much as eighty-six percent on merchandise. This is the "other acts" evidence of which Mr. Turner complains. Specifically, Mr. Turner complains that he was not given discovery regarding Mr. Lovill's testimony about the impermissible discounts. However, Mr. Turner never claimed that he had given a written request to the State for discovery pursuant to Crim. R. 16(A). Mr. Turner simply relied on the voluntary discovery provided by the State. By failing to make a written request for discovery, Mr. Turner waived his right to object to the admission of the evidence about the impermissible discounts. Moreover, Mr. Turner was provided discovery stating that Mr. Lovill would be called as a witness and was free to interview him prior to trial. Also, Mr. Turner's counsel failed to object to the content of the witness's testimony or to move to strike the offending testimony. Therefore, we find that Mr. Turner was not denied due process and that the criminal rules were not broken because the State did not inform him that Mr. Lovill would testify regarding the impermissible discounts he had given Ms. Howard. This assignment of error is without merit and is overruled.
Appellant's second assignment of error:
Mr. Turner argues that the trial court committed plain error when it permitted testimony regarding "other acts" evidence against Mr. Turner at trial. We disagree.
A court should take notice of plain error with the utmost caution, under exceptional circumstances and only when it will prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 94-95, 7 O.O.3d 178.
Evid.R. 404(B) provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
In determining whether "other acts" evidence is admissible, the inquiry should focus on whether the evidence is being offered for the wholly impermissible purpose of proving that the accused acted in conformity with his criminal character or whether the evidence is being offered for another purpose, particularly one of the purposes listed in Evid. R. 404(B). State v. Pearson (1996), 114 Ohio App.3d 168.
Mr. Turner argues that the State's asserted rationale for the "other acts" evidence, to prove absence of mistake, was irrelevant because Mr. Turner's defense was lack of intent not mistake. Mr. Turner argued at trial that he had been trying to check the balance on his girlfriend's credit card and had accidentally credited her account with a payment. Mr. Turner asserted that he had placed the receipt in a bag and had believed that it would be voided at the end of the day. We find that this testimony by Mr. Turner created an issue regarding mistake. The evidence that Mr. Turner had previously given Ms. Howard large improper discounts on items was evidence of absence of mistake on Mr. Turner's part in his behavior crediting Ms. Howard's account. Therefore, the "other acts" evidence, although generally not admissible, was admissible in the instant case to prove absence of mistake under Evid. R. 404(B). This assignment of error is without merit and is overruled.
Appellant's third assignment of error:
Mr. Turner argues that his conviction was against the weight of the evidence. We disagree.
The Ohio Supreme Court has stated that an appellate court may determine that a judgment is against the manifest weight of the evidence despite being sustained by sufficient evidence. State v. Thompkins (1997),78 Ohio St.3d 380. The Court explained:
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony.
Id. at 387 (Citations omitted.). The appellate court considers the credibility of witnesses and determines whether in resolving conflicts, the fact finder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. citing Statev. Martin (1983), 20 Ohio App.3d 172, 175.
Mr. Turner argues his conviction for theft by deception was against the manifest weight of the evidence because he testified that he had believed that placing the receipt in the bag would cause it to be voided. The State presented evidence that all Sears employees had been trained that they could not access customer accounts through the cash register. Additionally, the jury was presented with evidence describing all the steps and the five screens Mr. Turner had to go through to credit Ms. Howard's account. Also, the evidence demonstrated that the transaction was only discovered when an overage and shortage tracer for Sears discovered that the register was short, not because Mr. Turner had done anything to have the transaction voided. Moreover, the State presented testimony that Mr. Turner had given two different versions of how he had credited Ms. Howard $547 on her account, including a written statement which differed from Mr. Turner's testimony. Finally, the amount Mr. Turner credited Ms. Howard was almost the exact amount as her balance on the credit card, and Mr. Turner had previously given Ms. Howard large impermissible discounts. After reviewing this evidence, we find that the State produced ample evidence to prove theft by deception, and we cannot say that the fact finder lost its way and created a manifest miscarriage of justice. This assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.
(Hon. Stephen W. Powell sitting by assignment of the Chief Justice of the Supreme Court of Ohio).