[Cite as *State v. Figuero*, 2019-Ohio-3151.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2018-T-0071** |
| - vs - | : | |
| JOHN LOUIS FIGUEROA, II | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00600.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Slater & Zurz, One Cascade Plaza, Suite 2210, Akron, Ohio 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, John Louis Figueroa, II, appeals his trafficking in cocaine convictions. We affirm.

{¶2} Figueroa raises three assigned errors:

{¶3} "[1.] The court erred by allowing the confidential informant, David Leach, to testify without the state providing his previous record, any plea agreements he received

in exchange for his testimony, or a continuance to allow the defendant's trial attorney to investigate these issues.

{¶4} "[2.] The court erred by not dismissing the indictment due to delay.

{¶5} "[3.] The court abused its discretion by sentencing Mr. Figueroa to a maximum sentence."

{¶6} A confidential informant made four, controlled purchases of crack cocaine from appellant in August and October 2016. Appellant was convicted by a jury of two counts of trafficking in cocaine, fifth-degree felonies, and two counts were dismissed.

{¶7} Appellant's first assignment contends the trial court erred by allowing the confidential informant to testify because the state violated Crim.R. 16(B)(2) and did not disclose the identity of the informant until the first day of trial. Appellant claims the court should have granted him a continuance to investigate the informant's record and plea agreement in exchange for his testimony. Alternatively, appellant argues the court should have dismissed the charges against him based on the state's discovery violation. Because appellant fails to establish the premise of his argument, his first assigned error lacks merit.

{¶8} Crim.R. 16 generally provides for a defendant's discovery and inspection of evidence, and Crim.R. 16(B)(2) states that upon receiving a defendant's demand for discovery,

{¶9} "the prosecuting attorney *shall* provide copies [of] the following items related to the particular case indictment, * * * which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial * * * within the possession of, or reasonably available to the state, subject to the provisions of this rule:

2

**{¶10}** "* * *

**{¶11}** "(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal." (Emphasis added.)

**{¶12}** Here, appellant's counsel requested discovery and a bill of particulars, and there is nothing showing that the state failed to comply with the requests. Moreover, the criminal rules do not require the state to file written discovery responses with the clerk of courts. And a trial court does not generally oversee discovery unless a party brings a discovery issue to the court's attention via motion. Crim.R. 16(A).

**{¶13}** "Crim.R. 16(A) intends a two-step discovery procedure. The party wishing to obtain information must first request it in writing from the other party. Upon an insufficient response, the requesting party must then timely move to compel discovery, certifying the original request and lack of proper response." *City of Toledo v. Jackson*, 6th Dist. Lucas No. L-94-282, 1996 WL 139481, *2, citing *State v. Hicks*, 48 Ohio App.2d 135, 356 N.E.2d 319, (8th Dist.1976).

**{¶14}** Appellant did not object or move to compel discovery, and he made no argument during the proceedings that the informant's identity was being improperly withheld. Appellant likewise did not move to dismiss or to continue the jury trial based on the state's failure to provide discovery. Moreover, the parties' discussion with the court on the morning of trial makes it clear the informant's identity was provided to appellant's counsel. We presume regularity as appellant fails to demonstrate any error. *Curren v. City of Greenfield*, 4th Dist. Highland No. 11CA30, 2012-Ohio-4688, 978 N.E.2d 632, ¶13.

3

**{¶15}** Accordingly, appellant's first assignment is overruled.

**{¶16}** Appellant's second assigned error claims the trial court should have dismissed the indictment based on the state's prejudicial delay in indicting him. Preindictment delay may result in the dismissal of charges. *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199. "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution." *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), at paragraph two of the syllabus.

**{¶17}** However, a "defendant [must first] produce evidence demonstrating that the delay has caused actual prejudice to his defense. * * * Then, after the defendant has established actual prejudice, the state must produce evidence of a justifiable reason for the delay. * * * '[T]he prejudice suffered by the defendant must be [balanced against or] viewed in light of the state's reason for the delay.'" *State v. Whiting, supra*.

**{¶18}** An appellant must show how, based on the circumstances of the case, he suffered actual prejudice at trial because of the delay. *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶19, citing *Luck,* supra, at 154. This usually consists of missing evidence that is exculpatory in nature that would have bolstered or established a defense. *Id.* "[T]he proven unavailability of * * * testimony that would attack the credibility or weight of the state's evidence against a defendant and thereby aid in establishing a defense may satisfy the due-process requirement of actual prejudice." *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶25.

4

{¶19} Here, however, appellant never moved the court to dismiss the charges against him based on the state's preindictment delay, and as such, he waives all but plain error. Crim.R. 52.

{¶20} As stated, the confidential informant made four, controlled drug purchases from appellant in August and October 2016. The officer did not prepare the incident report detailing the offenses until August 2, 2017, and the corresponding police complaint was filed in the municipal court in August 2017 before the case was bound over to the grand jury. The grand jury indicted appellant on November 20, 2017, approximately one year after the offenses.

{¶21} Appellant claims he was prejudiced because appellant's downstairs neighbor died during the preindictment delay, and appellant claims this neighbor could have "tied" or connected appellant to the informant. This is the extent of his argument. Appellant does not allege that this now-deceased neighbor would have provided testimony that would have exonerated appellant or that would have undermined or contradicted the state's case.

{¶22} In *Luck*, *supra*, the Supreme Court found actual prejudice to the defendant, Katherine Luck, because two critical defense witnesses died during the 15-year delay in indicting her, and all the recorded interviews had been destroyed and no transcripts were made. Luck had claimed that a fight preceded the victim's death and that another individual, Cassano, could have confirmed Luck's defense, but he died before Luck was indicted. *Luck*, supra, at 157. She moved to dismiss the indictment based on the prejudicial delay. The court balanced this claimed prejudice against the circumstantial nature of the state's case and found Luck established actual prejudice. Upon balancing

5

this prejudice against the state's reason for the delay, the court held the delay was unjustifiable, and thus, dismissal of the indictment was required. *Id.* at 159.

{¶23} Unlike *Luck*, the death of appellant's neighbor here, a potential witness with no explanation as to how he would have aided appellant's defense or undermined the state's case, fails to show any prejudice. Thus, we need not address the reason for the state's delay, and his second assigned error lacks merit.

{¶24} Appellant's final assignment of error claims the court erred in imposing the maximum sentence, arguing that the court only made cursory findings and that it failed to analyze the applicable sentencing factors.

{¶25} Our standard of review is set forth in R.C. 2953.08(G)(2), which states:

{¶26} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.

{¶27} "The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law."

{¶28} While courts have discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines in R.C. 2929.12. But contrary to appellant's argument, while the sentencing

6

court is required to *consider* the R.C. 2929.12 factors, it is *not* required to recite findings or analysis to demonstrate it addressed the applicable seriousness and recidivism factors. *State v. Arnett,* 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793; *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, 19 N.E.3d 981, ¶ 79.

{¶29} Appellant was convicted following a jury trial of two counts of trafficking in cocaine, fifth-degree felonies in violation of R.C. 2925.03(A)(1) and (C)(4)(a) and sentenced to two, twelve-month terms to run concurrently. This is the maximum sentence for a fifth-degree felony. R.C. 2929.14(A)(5).

{¶30} Upon announcing appellant's sentence, the trial court notes that it read the presentence investigation report and emphasizes that this is appellant's third felony conviction. The state requests incarceration. Appellant does not dispute the trial court's statement that this is his third felony conviction, and he does not make any statement other than asking for an appeal.

{¶31} Based on the foregoing, appellant fails to clearly and convincingly demonstrate that his sentence is contrary to law. His third assigned error lacks merit.

{¶32} The trial court's decision is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.

7