[Cite as *State v. Doak*, 2021-Ohio-787.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0046** |
| RICHARD B. DOAK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00417.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Edward M. Heindel,* 2200 Terminal Tower, 50 Public Square, Cleveland, OH  44113 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Richard B. Doak, appeals from the sentence of the Portage County Court of Common Pleas, sentencing him to life without the possibility of parole for his conviction on one count of rape.  We affirm.

{¶2}   Appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b) and  (B),  a  first-degree  felony;  and  one  count  of  gross  sexual imposition, in violation of R.C. 2907.05(A)(4) and (B), a third-degree felony. Appellant

pleaded not guilty. Prior to trial, the state offered appellant the opportunity to enter a plea of guilty to one count of gross sexual imposition; the state noted that the gross sexual imposition count carried a maximum sentence of five years, whereas the rape count, if appellant were convicted, carried a maximum sentence of life without the possibility of parole. Appellant declined the offer.

{¶3} The matter proceeded to a jury trial after which appellant was found guilty of both rape and gross sexual imposition. With respect to the rape count, the jury made the additional finding that the victim was less than 10 years old at the time of the offense. Regarding the gross sexual imposition count, the jury also found the victim was less than 13 years old at the time of the offense. The court referred the matter to the adult probation department for a pre-sentence investigation ("PSI") and report. At the sentencing hearing, the trial court found that the gross sexual imposition count merged with the rape count. The trial court sentenced appellant to life imprisonment without parole eligibility for the rape offense.

{¶4} Appellant appealed his conviction to this court and, in *State v. Doak*, 11th Dist. Portage No. 2018-P-0022, 2020-Ohio-66, this court affirmed his rape conviction, but found two sentencing errors. First, this court concluded the trial court erred in sentencing appellant on merged counts. *Id.* at ¶73-76. Also, under the law in effect at the time, this court concluded it was error not to impose post-release control. *Id.* at ¶77. On remand, defense counsel noted that, prior to trial, the state had offered appellant a five-year prison term, and requested the court to consider resentencing appellant to life with parole eligibility after 15 years. The court stated it had reviewed the presentence investigation report ("PSI") and heard the evidence at trial. The court again sentenced

2

appellant to life imprisonment without the possibility of parole. The court additionally notified appellant of post-release control. Appellant now appeals his re-sentencing assigning the following error:

{¶5} "The trial court erred when it imposed a prison sentence of life without parole."

{¶6} In support of his assignment of error, appellant argues the trial court committed error when it sentenced him to life without the possibility of parole because it did not consider other potential, less severe statutory sentencing options. Further, he argues the trial court's approach and conclusion evince a vindictive response to appellant's decision to exercise his right to a jury trial, rather than accept the state's plea. In effect, he asserts the trial court's sentence was an impermissible "trial tax."

{¶7} "[A] defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement * * *." *State v. O'Dell*, 45 Ohio St.3d 140 (1989), paragraph two of the syllabus. To punish a person because he or she has exercised his or her constitutional rights "is a due process violation of the most basic sort * * *." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978). Thus, a sentence vindictively imposed on a defendant for exercising his or her right to trial is fundamentally unconstitutional.

{¶8} Still, "there is no presumption of vindictiveness when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, ¶3. Indeed, "[t]he burden is on the defendant to show the judge acted vindictively. And an appellate court may reverse a sentence for

3

vindictiveness only if, upon its examination of the entire record, it clearly and convincingly finds that the sentence was based on actual vindictiveness." *Id.*

{¶9} R.C. 2907.02(B) provides, in relevant part:

{¶10} Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. * * * [I]f the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court *may* impose upon the offender a term of life without parole. (Emphasis added.)

{¶11} R.C. 2971.03(B)(1)(b) states that if a person is convicted of or pleads guilty to rape in violation of R.C. 2907.02(A)(1)(b), committed on or after January 2, 2007, the sentencing court shall, with certain qualifications, impose upon the person, if the victim was less than ten years of age, an indefinite prison term consisting of a minimum term of fifteen years and a maximum of life imprisonment.

{¶12} Here, appellant was convicted of rape, in violation of R.C. 2907.02(A)(1)(b), after January 2, 2007, of a victim less than 10 years of age. Hence, the trial court had the discretion to sentence appellant to a term of 15 years to life without possibility of parole.

{¶13} During re-sentencing, the state set forth the trial court's sentencing options and requested the court to impose the same sentence it had previously ordered, i.e., life without parole. Defense counsel underscored that even though the state offered appellant a plea to gross sexual imposition, appellant maintained his innocence throughout and elected to proceed to trial. And, although he was convicted, counsel pointed out appellant did not require the victim to testify. In light of this backdrop,

4

counsel requested the court to reconsider its former sentence and impose a life sentence with the possibility of parole in 15 years.

{¶14} The trial court noted it presided over the trial and heard all the evidence; the court also stated it had reviewed appellant's PSI. In light of the statements of counsel and the circumstances, the court sentenced him to life without the possibility of parole. Nothing in the record suggests the trial court's decision on sentencing was motivated by an urge to penalize appellant for exercising his right to be tried by a jury or retaliate against him for electing to proceed with a jury trial. The trial court's sentence, albeit the harshest available under statute, was the same as the first order. There is no affirmative basis to conclude the court was vindictive or in any way biased toward appellant in re-imposing its original sentence. Thus, we conclude appellant has failed to meet his burden.

{¶15} Appellant additionally takes issue with the trial court's failure to analyze the purposes and principles of sentencing as well as the seriousness and recidivism factors under R.C. 2929.11 and R.C. 2929.12. A trial court, however, is not required to recite findings to demonstrate compliance with these statutes. *See, e.g., State v. Figueroa*, 11th Dist. Trumbull No. 2018-T-0071, 2019-Ohio-3151, ¶28. And, in its judgment entry, the trial court did state it considered the purposes of felony sentencing.

{¶16} While we acknowledge appellant's sentence is severe, the crime for which he was convicted was as well. And, given the governing sentencing law, the trial court had limited discretion in selecting an appropriate sentence. Because we conclude the sentence was not prompted by vindictiveness and the sentence is not otherwise contrary to law, we discern no error.

{¶17} Appellant's assignment of error lacks merit.

{¶18} For the above reasons, the judgment of the Portage County Court of Common Pleas is affirmed.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.