THE STATE OF OHIO, APPELLANT, *v.* SUTTON, APPELLEE.

(No. 1578—Decided February 22, 1979.)

*Mr. Keith A. Shearer,* prosecuting attorney, and *Mr. Stephen D. Knowling,* for appellant.

*Mr. Charles A. Kennedy,* for appellee.

VICTOR, J. This is an appeal by the state of Ohio from an order of the Common Pleas Court of Wayne County dismissing with prejudice an indictment returned against the defendant.

The defendant, Ronald M. Sutton, was charged in Wayne County by affidavit on January 16, 1978, with extortion, R. C.

2905.11(A)(1) and (2). He waived preliminary hearing and was bound over to the grand jury. Defendant was subpoenaed by the grand jury to provide voice exemplars of the alleged extortion telephone calls which purportedly originated in Ashland County. Upon counsel's advice, defendant refused. The state then filed a motion pursuant to R. C. 2939.14 asking that defendant be required to provide voice exemplars. After finding that defendant was not required to give the exemplars, the court overruled the motion. That order was appealed to this court, and we dismissed the appeal for lack of a final appealable order.

Thereafter, on March 13, 1978, the defendant was indicted by the Grand Jury of Wayne County for extortion, R. C. 2905.11(A)(1); trespass to commit a felony, R. C. 2911.13(B); grand theft, R. C. 2913.02(A)(1); and receiving stolen property over $150 in value, R. C. 2913.51(A).

On March 17, 1978, the state filed another motion for an order requiring defendant to provide voice exemplars to the Wayne County Sheriff. The Common Pleas Court denied the motion.

Trial was scheduled for June 27, 1978, continued at the state's request, and rescheduled for August 8, 1978.

Meanwhile, in response to the defendant's request for discovery, the state supplied defendant with an F. B. I. report which stated that a latent fingerprint, developed on a telephone in Ashland County, had been identified as an impression of the left thumb of defendant.

On July 11, 1978, defendant received a subpoena from the grand jury of Ashland County to provide voice exemplars.

On July 13, 1978, upon oral application of the state, the Wayne County indictment was *nolled.*

On the following day, defendant filed a motion in the Court of Common Pleas of Wayne County asking that the *nolle prosequi* be set aside and that the cause be dismissed with prejudice pursuant to Crim. R. 48(B). After a hearing, the court granted the motion and found that the *nolle prosequi* was entered contrary to R. C. 2941.33 in that good cause was not shown, notice was not given to defense counsel, and a hearing was not held. The court stated that the indictment was dismissed because the prosecution was unable to secure voice exemplars and was unable to make a case without them.

Thus, the state was seeking a more favorable forum in Ashland County (the county in which the extortion call purportedly originated). Leave was granted to the prosecutor to appeal, and this appeal stems from the dismissal order. The state argues that the court abused its discretion in (1) granting the dismissal, because the defendant had not been placed in jeopardy nor had any of his other constitutional or statutory rights been violated, and (2) refusing to compel the defendant to provide the grand jury and sheriff with voice exemplars.

## I.

Crim. R. 48 provides the procedure for the dismissal of a criminal case by either the state or the court. The purpose of the rule is to maintain the defendant's right to a speedy trial.

Crim. R. 48(A) provides that the state, by leave of court and in open court, may file an entry of dismissal which will terminate the prosecution. R. C. 2941.33 provides that the prosecuting attorney may enter a *nolle prosequi* with leave of court on good cause shown and in open court. These provisions are essentially identical, except that R. C. 2941.33 provides that a *nolle prosequi* entered contrary to these provisions is void. A dismissal or *nolle prosequi* entered before a jury is impanelled and sworn does not prevent a reindictment and trial. *Maloney* v. *Maxwell* (1962), 174 Ohio St. 84, 87. Thus, such a dismissal is necessarily without prejudice.

The record indicates that the prosecuting attorney, upon oral application to the court and without notice to the defendant, appeared before the court in chambers and presented an application to *nolle* the indictment. No hearing was had on the application. While a hearing in chambers will, in our judgment, satisfy the open court requirement of both the rule and the statute, the lack of a hearing runs afoul of both. The court, therefore, could vacate the *nolle prosequi* and require a hearing.

Thereafter, at the required hearing and in open court, the prosecution represented that it lacked sufficient evidence, at that time, to proceed. Insufficiency of proof has always been regarded as good cause for the *nolle prosequi* of an indictment. See 15A Ohio Jurisprudence 2d 167, Criminal Practice and Procedure, Section 142.

Thus, the application for the *nolle prosequi* should have been granted unless, pursuant to Crim. R. 48(B), the trial court had the inherent power to dismiss the indictment with prejudice for what the court termed prosecutorial manipulation. Crim. R. 48(B) provides that the court shall state its findings of fact and reason for dismissal if it dismisses an indictment over objection. The rule does not state the grounds for which a court may dismiss an indictment, nor does it provide that such dismissal shall be a bar to any further proceedings. In short, Crim. R. 48(B) does not specifically provide for dismissals with prejudice. The purpose of Crim. R. 48 is to maintain a defendant's right to a speedy trial, but the rule does not alter the pre-rule Ohio practice concerning the court's inherent power to dismiss. In our judgment, that power includes the right to dismiss with prejudice only where it is apparent that the defendant has been denied either a constitutional or a statutory right, the violation of which would, in itself, bar prosecution.

This record fails to establish a violation of any constitutional or statutory right of defendant. Defendant has neither been twice placed in jeopardy nor has he been denied either his constitutional or statutory rights to a speedy trial. Each count in the indictment contained all of the elements of the crimes charged. At least one of the crimes alleged originated in one county (Ashland) and was consummated in another (Wayne). Thus, venue lies in either county. The trial court concluded, pursuant to the so-called rule of priority, that, as between courts having concurrent jurisdiction of a cause, the court to which jurisdiction first attaches has exclusive jurisdiction, to the exclusion of the other. Consequently, the court held that since the case was commenced in Wayne County, it could not be transferred to another county. The court then dismissed the indictment with prejudice when the prosecutor sought refuge in another jurisdiction. We do not commend the prosecutor's actions, but we do not believe those actions merited the dismissal of the entire proceedings with prejudice. Such a severe action is unsatisfactory because it means that a defendant who may be guilty of a serious crime will go free without having been tried.

Additionally, however, we do not believe that the court's actions comport with the majority rule prevailing in the

United States. The majority rule appears to be that the application of the rule of priority is subject to the interests of public justice so as not to abridge the right of the state to elect where (at what location) a prosecution shall be commenced or tried. Thus, the court which first acquired jurisdiction of the case loses jurisdiction by the entering of a *nolle prosequi,* and thereafter, another prosecution may be carried on in another court of coordinate jurisdiction. *State* v. *Van Ness* (1938), 109 Vt. 392, 199 A. 759. See, generally, 20 American Jurisprudence 2d 481, 483, Sections 128 and 132. The cases relied upon by the trial court, *State* v. *Milano* (1916), 138 La. 989, 71 So. 131, and *Coleman* v. *State* (1904), 83 Miss. 290, 35 So. 937, represent the minority view. These cases simply hold that where an indictment is *nolled* in one court and an accused is thereafter indicted and convicted on the same charge in another court of concurrent jurisdiction, the conviction cannot stand. However, these cases are not authority for the proposition that the defendant could not be reindicted and tried in the county in which the case was originally commenced and, thereafter, *nolled.* For these reasons, the dismissal of the indictment with prejudice was erroneous. The first assignment of error is sustained.

## II.

In *United States* v. *Dionisio* (1973), 410 U. S. 1, the court held that the compelled production of voice exemplars from a grand jury witness violates neither the Fourth nor Fifth Amendment rights of the witness. Since neither the summons to appear nor its order to give a voice exemplar contravened the Fourth Amendment, the court further held that there was no requirement of a preliminary showing of reasonableness before the witness could be compelled to furnish the exemplar. The holding is based upon the proposition that compelling an accused to exhibit his person prior to trial does not amount to the giving of evidence having testimonial significance, nor is it something in which an accused has any expectation of privacy. In *United States* v. *Wade* (1967), 388 U. S. 218, the court held that to require Wade to speak the words allegedly uttered by the robber was not compulsion to utter words of a testimonial nature and that "***he was required to use his voice as an identifying physical characteristic, [only,] not to speak his guilt." *Id.,* at 222-23.

The defendant contends the rule of *Dionisio, supra,* has been limited by the holding of an Ohio court in *State* v. *Olderman* (1975), 44 Ohio App. 2d 130. We disagree. Essentially, the issues were the same in both cases. That court followed the rule in *Dionisio* and then added that the actions of the trial court, in first requiring a hearing to establish probable cause and to review the exemplar to assure that it contains nothing of a testimonial character, were not prejudicial to the defendant.

We believe that the court erred in refusing to order the voice exemplars and, accordingly, sustain the second assignment of error.

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

MAHONEY, P. J., and BELL, J., concur.