THE STATE OF OHIO, APPELLANT, *v.*
DIXON ET AL., APPELLEES.

(No. 47009—Decided March 26, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellant.

*Mr. Edward Sullivan* and *Mr. Timothy Cotner,* for appellees.

*Per Curiam.* Defendants, Leroy Dixon, Jr. and April East, were indicted for eight counts of forgery, eight counts of uttering, one count of grand theft and one count of receiving stolen property. On the day scheduled for trial, defense counsel informed the court that the state had not fully complied with his request for discovery. The court then ordered the state to grant discovery and submit a more detailed bill of particulars by 4:00 p.m. that day or face a dismissal with prejudice of their case.

The following morning, the court inquired whether the state had complied as ordered. Defense counsel stated that the prosecution had in essence only copied the indictments into the bill of particulars and had not listed all its evidence and witnesses. The state then requested that the case be *nolled* due to insufficient evidence. Defense counsel asked that this be done with prejudice, but did not object to the case being *nolled.* Thereafter, the court *nolled* the case with prejudice, based on the state's failure to comply with discovery.

The state appeals that judgment citing one assignment of error.

"Assignment of Error No. I

"I. Where the state requests a *nolle* pursuant to Criminal Rule 48(A) on the grounds of insufficiency of proof, the trial court is without authority to *nollie* [*sic*] the case with prejudice."

Under Crim. R. 48(B)[1] the court may not dismiss an indictment with prejudice unless it is apparent that the defendant has been denied either a constitutional or statutory right, the violation of which would, in itself, bar prosecution. *State* v. *Sutton* (1979), 64 Ohio App. 2d 105 [18 O.O.3d 83]. Moreover, where the state's motion for a *nolle prosequi* meets the good cause and open court requirements of Crim. R. 48(A),[2] it should be granted. *Sutton, supra.*

In the instant case the state moved to *nolle* the indictment for insufficient evidence. The court granted this request, finding that insufficient evidence was good cause. However, in an apparent attempt to punish the state for not adequately complying with its

---

[1] Crim. R. 48(B) reads:

"(B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."

[2] Crim. R. 48(A) reads:

"(A) Dismissal by the state. The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

discovery order, the court *nolled* the case with prejudice.

Initially, we note that neither Crim. R. 48(A) nor 48(B) provides for a dismissal with prejudice. Hence, we conclude that a dismissal or *nolle* with prejudice pursuant to Crim. R. 48(A), as in Crim. R. 48(B), may only be entered where there is a deprivation of a defendant's constitutional or statutory rights, the violation of which would, in and of itself, bar further prosecution. *Sutton, supra.*

In the instant case we find no such deprivation. Although appellees are entitled to discovery under Crim. R. 16, they are required to follow the two-step process set out by this court in *State* v. *Hicks* (1976), 48 Ohio App. 2d 135 [2 O.O.3d 107]. Appellees admittedly failed to follow this procedure by not filing a timely motion to compel discovery with the court after their first request went unanswered.

Nevertheless, the court sanctioned the state by accepting the *nolle*, but with prejudice. Although Crim. R. 16(E)(3)[3] allows a court to enter sanctions against a noncomplying party, we find that in dismissing the case with prejudice (the harshest of all sanctions) under the circumstances at bar, the trial court abused its discretion. Moreover, the court did not independently analyze what had been produced by the state through discovery. Instead, the court relied upon the alleged deficiencies pointed out by defense counsel. Additionally, the prosecutor stated that he attempted to comply with the court's order, but while doing so realized that he had insufficient evidence to prove his case and that further investigation would be necessary.

On this basis, the court granted the *nolle*, but prevented the state from ever reindicting. This procedure is a contradiction in terms. A *nolle prosequi* is merely a withdrawal of the indictment, which if done before jeopardy has attached, does not prohibit reindictment. *State* v. *Eberhardt* (1978), 56 Ohio App. 2d 193 [10 O.O.3d 197]. Hence, we conclude that the trial court abused its discretion in granting the prosecutor's request for a *nolle prosequi* and then preventing reindictment.

Accordingly, the assignment of error is sustained.

Judgment is reversed and remanded with instructions that this case be *nolled,* and that the language "with prejudice" be deleted.

*Judgment reversed and cause remanded.*

PRYATEL and CORRIGAN, JJ., concur.

DAY, C.J., dissents.

DAY, C.J., dissenting. Respectfully, I dissent and add a few words of explanation.

First, I have no quarrel with the authorities cited by the majority. I simply deem them irrelevant. For they do not address the limits of the court's authority in managing the trial proceedings. A court order was disobeyed and it had inherent authority to enforce its mandate in any manner short of an abuse of discretion.

In this case the trial court was in a position to assess the prosecution's discovery failings and to fashion a prop-

---

[3] Crim. R. 16(E)(3) reads:

"Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

398

er sanction, cf. Crim. R. 16(E)(3). Moreover, a presumption of regularity attended the trial court's action. Unless we are prepared to attempt to run trials from afar, trial courts must be allowed considerable leeway in vindicating their authority. From all that appears, vindication was the program here. I would find it so. I would further find that the trial court acted within the limits of its discretion and affirm.