**CITY OF LAKEWOOD, Appellant,**

v.

**PFEIFER, Appellee.**

[Cite as *Lakewood v. Pfeifer* (1992), 83 Ohio App.3d 47.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62564.

Decided Nov. 23, 1992.

*Stuart A. Saferin* and *Jeffrey R. Short,* for appellant.

*Jeffrey Shively,* for appellee.

*Thomas C. Buford,* for *amicus curiae* Ohio Domestic Violence Network.

---

HARPER, Judge.

Appellant, the city of Lakewood, appeals from the denial of its motion to dismiss a criminal complaint against defendant, Robert G. Pfeifer, pursuant to Crim.R. 48(A).

For the reasons set forth below, we affirm the trial court's decision.

## I

The relevant facts were set forth by the trial court as follows:

"A criminal complaint for domestic violence was issued against the defendant, Robert G. Pfeifer, on May 23, 1991. The complaint was signed by Richard Lillie, assistant city prosecutor. On the day the complaint was filed, a motion for temporary protection order was also filed. The motion was prepared by the prosecutor's office, and signed by the complainant.

"The defendant was arrested on this charge on June 7, 1991. Also on this date a temporary protection order was issued. The order was based upon a written agreement to the order between the defendant and prosecutor, Joan Stafford. The effect of the order was to prohibit any contact, direct or indirect, between the defendant and the complaining witness.

"The defendant appeared in court on June 8, 1991 * * *.

" * * * Discovery was exchanged between the prosecutor and defense counsel at that time. The prosecutor was not willing to dismiss the case, nor was the defendant willing to change his plea of not guilty. Consequently, the case was scheduled for jury trial for Wednesday, August 21, 1991.

"On Tuesday, August 20, 1991, in the early afternoon, Stafford informed the court that she was feeling ill and would not be available for the jury trial in this case. When asked by the court if the trial should be continued, Stafford informed the court that the case had been prepared for trial and that either Lillie or some other attorney in the city law department would try the case. There was no discussion of the facts of the case.

"Later that day, the city law director filed a motion to continue the jury trial in this case. Notwithstanding Stafford's prior representation of preparation of the case, the motion stated that 'no other attorney in the Law Department is available to adequately prepare and try this matter.'

"Due to the absence of any available prosecutor, the court granted the last minute request for continuance. The court requested the prosecutor and defense counsel to meet on the scheduled trial date on August 21, 1991 in an attempt to further discuss this case. The attorneys chose not to do so, but, instead, requested that the case be rescheduled for trial.

"The court rescheduled the case for jury trial on September 18, 1991. Prior to that date, however, on September 3, 1991, the prosecutor requested another continuance. According to the prosecutor's motion, one of the witnesses, a Lakewood police officer, was unavailable. At the prosecutor's request, the case was again rescheduled for trial on Wednesday, September 25, 1991.

"On Tuesday, September 24, 1991, a pretrial conference was held with defense counsel and assistant prosecutor Lillie. Lillie informed the court that he had just met with the complaining witness and, based on this meeting, wanted to dismiss the case. The complaining witness and Stafford were not present at this conference. The court indicated that the motion would not be granted and that the case would proceed as scheduled for jury trial the following day.

"At approximately 4:30 p.m., defense counsel and Stafford met with the court to discuss the case. *At neither pretrial conference were the specific facts of the case discussed with the court.* The defense counsel indicated that his client would waive his right to jury and try the case to the court. Stafford stated that she would proceed to trial as scheduled and present the witnesses to the court for testimony and determination.

"On the morning of the trial, the prosecutor filed a formal motion to dismiss. *The motion set forth 'insufficient evidence' as grounds for the dismissal. The motion contained no factual information or supporting documents.* The prosecutor did not request a hearing on the motion.

"Court was convened and the court indicated that the motion would be denied." (Emphasis added.) *Lakewood v. Pfeifer* (1991), 61 Ohio Misc.2d 704, 706–707, 583 N.E.2d 1133, 1134–1135 (per Patrick Carroll, J.).

This court subsequently granted the city leave to appeal the trial court's ruling pursuant to App.R. 5.

## II

For its sole assignment of error, the city asserts that by informing the trial court that there was "insufficient evidence" to prosecute, the requirements of Crim.R. 48(A) were met, and the trial court, therefore, contravened the constitutional separation of powers in denying the motion.

We must first decide whether the trial court's denial of the city's motion to dismiss constitutes a final appealable order. In *State v. Eberhardt* (1978), 56

Ohio App.2d 193, 197–198, 10 O.O.3d 197, 199–200, 381 N.E.2d 1357, 1361, this court held that:

"Generally speaking, the overruling of a motion to dismiss in a criminal case or a civil case is not considered a final appealable order.   *  *  *  Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal.

"  *  *  *

"The foregoing is consistent with the general rule in Ohio that there should be one trial and one appeal.   The general rules recited above do not mean, however, that these orders are not final appealable orders as a matter of law.   There are unusual instances when orders which standing alone are not considered final appealable orders become appealable by virtue of the exceptional circumstances under which they are rendered.   In the final analysis, all such orders must satisfy the three requirements of R.C. § 2505.02—that the order affect a substantial right in the action and in effect determine the action and prevent a judgment." (Citations omitted.)

■    In *United States v. Dupris* (C.A.8, 1981), 664 F.2d 169, 173, the court considered the specific issue of the government's right to appeal an order denying its motion to dismiss.   The court determined that the matter was appealable under the "collateral order doctrine" because it conclusively determined that (1) the government could not dismiss the prosecution;   (2) it resolved an important issue completely separate from the merits of the action;   and (3) the order is effectively unreviewable on appeal, because the deficiency in evidence would likely preclude a conviction and, therefore, preclude an appeal.   Cf. *United States v. Carrigan* (C.A.10, 1985), 778 F.2d 1454, 1465–1466.

As we find the rule set forth in *United States v. Dupris* to enunciate a well-reasoned exception to the general rule that dismissals are not appealable, we adopt the holding in *Dupris* and apply same in the within case.

■    As for the requirements which must be met in order for the motion to be granted, we note that:

"Crim.R. 48(A) provides that the state, by leave of court and in open court, may file an entry of dismissal which will terminate the prosecution.   R.C. § 2941.33 provides that the prosecuting attorney may enter a *nolle prosequi* with leave of court on good cause shown and in open court.   These provisions are essentially identical, except that R.C. § 2941.33 provides that a *nolle prosequi* entered contrary to these provisions is void."   *State v. Sutton* (1979), 64 Ohio App.2d 105, 107, 18 O.O.3d 83, 85, 411 N.E.2d 818, 820.

Thus, where the city's motion for a *nolle prosequi* meets the good cause and open court requirements of Crim.R. 48(A), it should be granted. *State v. Dixon* (1984), 14 Ohio App.3d 396, 14 OBR 513, 471 N.E.2d 864.

■ While insufficiency of proof has always been regarded as good cause for the *nolle prosequi* of an indictment, see *State v. Sutton, supra,* the cases which discuss such a demonstration of good cause indicate that the state did not simply recite that the evidence was insufficient, and the state must state in the record the nature of the insufficiency. See *State v. Sutton, supra* (state's inability to secure voice exemplars which were essential to proving case); *State v. Dixon, supra,* 14 Ohio App.3d at 397, 14 OBR at 515, 471 N.E.2d at 866 (state's realization that further investigation was necessary for prosecution). Accord *State v. Tucker* (Dec. 21, 1989), Cuyahoga App. Nos. 56375 and 56376, unreported, 1989 WL 154886, where this court stated:

"A prosecutor must have leave of court before an indictment will be dismissed. Crim.R. 48(A). A *nolle prosequi* or dismissal is void, without good cause. R.C. 2941.33. 'Good cause' is defined as a substantial reason and one that affords a legal excuse." Citing *State v. Brown* (1988), 38 Ohio St.3d 305, 308, 528 N.E.2d 523, 531.

■ Moreover, requiring more than a cursory recitation that good cause exists reflects the fact that while the conscious exercise of selectivity in law enforcement by a prosecutor will not be abridged absent a constitutional violation, once the prosecution has been initiated, the prosecutor does not have the same unbridled authority to terminate the proceedings. *Akron v. Ragsdale* (1978), 61 Ohio App.2d 107, 109, 15 O.O.3d 107, 108, 399 N.E.2d 119, 120.

■ In the case *sub judice,* the city argues that the simple recitation of "insufficient evidence" meets the good faith requirement of Crim.R. 48(A) because the prosecutor is entitled to the presumption that the motion is made in good faith and is based upon substantial reasons which serve the public interest. In support of this argument, the city relies upon *United States v. Friedman* (N.D.Ohio 1985), 107 F.R.D. 736; *United States v. Cowan* (C.A.5, 1975), 524 F.2d 504; *United States v. Cox* (C.A.5, 1965), 342 F.2d 167; *United States v. Salinas* (C.A.5, 1982), 693 F.2d 348; *United States v. Hamm* (C.A.5, 1981), 659 F.2d 624; *United States Ammidown* (C.A.D.C.1974), 497 F.2d 615; *Newman v. United States* (C.A.D.C.1967), 382 F.2d 479; and *United States v. Carrigan* (C.A.10, 1985), 778 F.2d 1454.

Each of these federal cases construes Fed.R.Crim.P. 48(a), which provides as follows:

"Dismissals

"(a) By Attorney for the Government.

"The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information or complaint, and the prosecution shall thereupon terminate * * *."

This rule differs significantly from the Ohio provisions; however, it does not contain a "good cause shown" requirement. It is noteworthy that in each of the cases cited above, the government explained or the record revealed the basis for the proposed *nolle*. Accordingly, these cases are inapplicable to the situation presented herein.

We hold that to require the trial court to simply accede to the prosecutor's conclusory assertion of insufficient evidence would completely nullify the "leave of court" and "good cause" provisions of Crim.R. 48(A) and R.C. 2941.33, and would render meaningless any true demonstration of good cause. We hasten to add, however, that if the prosecution had enunciated or the record revealed more than a purely conclusory basis for the *nolle*, then the requirements for the *nolle* should be met.

Finally, we address the city's further claim that the constitutional separation of powers is violated if its assertion of insufficient evidence is deemed inadequate by the trial court. We note that this court rejected a strict application of the separation of powers doctrine in *Cleveland v. Mosquito* (1983), 10 Ohio App.3d 239, 241, 10 OBR 334, 337, 461 N.E.2d 924, 926, in which we held that:

"While the basic doctrine of the separation of powers is enshrined in our law, it does not necessarily follow that total and absolute separation is completely desirable or. was ever fully intended by the framers of our Constitution. * * * Cooperation between the branches is essential as well as total objectivity by the principal parties involved."

Furthermore, as it pertains to the within case, the legislature specifically included the "leave of court" and "good cause shown" language in the dismissal provisions. By such a calculated enactment, the legislature undermined the city's claim that complete separation rather than cooperation should be effected here.

For the foregoing reasons, we hold that the trial court could properly reject the city's cursory recitation of "insufficient evidence" as the basis for its motion to *nolle* a complaint.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MATIA, C.J., and CORRIGAN, J., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.