The record in this matter established that the prosecution failed to properly dismiss the initial charges brought against appellant. As to these initial charges, the prosecution informed the court that it was dismissing for "further review." The majority opinion acknowledges that no further explanation was given for the dismissal. The trial court accepted this dismissal by simply responding; "Thank you very much."
The inadequacy of this type of dismissal was explained by the Eighth District Court of Appeals as follows:
 "`Crim.R. 48(A) provides that the state, by leave of court and in open court, may file an entry of dismissal which will terminate the prosecution. R.C. 2941.33 provides that the prosecuting attorney may enter a nolle prosequi with leave of court on good cause shown and in open court. These provisions are essentially identical, except that R.C. 2941.33 provides that a nolle prosequi
entered contrary to these provisions is void.' State v. Sutton (1979), 64 Ohio App.2d 105, 107, 18 O.O.3d 83, 85, 411 N.E.2d 818, 820.
 "Thus, where the city's motion for a nolle prosequi meets the good cause and open court requirements of Crim.R. 48(A), it should be granted. State v. Dixon (1984), 14 Ohio App.3d 396, 14 OBR 513, 471 N.E.2d 864.
 "While insufficiency of proof has always been regarded as good cause for the nolle prosequi of an indictment, see State v. Sutton, supra, the cases which discuss such a demonstration of good cause indicate that the state did not simply recite that the evidence was insufficient, and the state must state in the record the nature of the insufficiency. See State v. Sutton, supra (state's inability to secure voice exemplars which were essential to proving case); State v. Dixon, supra, 14 Ohio App. 3d at 397, 14 OBR at 515, 471 N.E.2d at 866 (state's realization that further investigation was necessary for prosecution). Accord State v. Tucker (Dec. 21, 1989), Cuyahoga App. Nos. 56375 and 56376, unreported, 1989 WL 154886, where this court stated:
 "`A prosecutor must have leave of court before an indictment will be dismissed. Crim.R. 48(A). A nolle prosequi or dismissal is void, without good cause. R.C. 2941.33. "Good cause" is defined as a substantial reason and one that affords a legal excuse.' Citing State v. Brown (1988), 38 Ohio St.3d 305, 308, 528 N.E.2d 523, 531.
 "Moreover, requiring more than a cursory recitation that good cause exists reflects the fact that while the conscious exercise of selectivity in law enforcement by a prosecutor will not be abridged absent a constitutional violation, once the prosecution has been initiated, the prosecutor does not have the same unbridled authority to terminate the proceedings. Akron v. Ragsdale
(1978), 61 Ohio App.2d 107, 109, 15 O. O.3d 107, 108, 399 N.E.2d 119, 120.
 "* * * [T]o require the trial court to simply accede to the prosecutor's conclusory assertion of insufficient evidence would completely nullify the `leave of court' and `good cause' provisions of Crim.R. 48(A) and R.C. 2941.33, and would render meaningless any true demonstration of good cause. We hasten to add, however, that if the prosecution had enunciated or the record revealed more than a purely conclusory basis for the nolle, then the requirements for the nolle should be met." Lakewood v. Pfeifer (1992), 83 Ohio App.3d 47, 50-52.
In the present case, there was absolutely no demonstration of good cause from which to dismiss the initial charge, and toll appellant's right to a speedy trial. The proverbial sword of Damocles was left hanging over this defendant's head while the state conducted "further review" of the matter. That is the specific conduct which the Ohio Legislature prohibited when it passed the speedy trial statute. _________________________________ JUDGE WILLIAM M. O'NEILL