JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc.R. 25, the record from the lower court, the briefs and the oral arguments of counsel.
Appellant appeals the trial court's dismissal of the action pursuant to Crim.R. 48 (B). Because the record indicates there is no final appealable order, this appeal is dismissed.
Appellant, the City of Cleveland, timely filed the within appeal following a hearing held on November 17, 1998 in the Cleveland Municipal Court, Housing Division, in which the trial judge dismissed the case pursuant to Crim.R. 48 (B). The following facts were adduced from the record of this case properly before us[1]
Fred Burris, a representative from the Department of Community Development, Division of Building and Housing, issued a violation notice citing four violations of the Building Code of the City of Cleveland for a home owned by appellee located at 3248 W. 86th Street in Cleveland following his inspection of the property on December 29, 1997. The inspector subsequently filed a complaint on April 27, 1998. Appellee appeared in Cleveland Municipal Court, Housing Division on July 14, 1998 and pled not guilty.
On July 31, 1998, appellee filed a motion to suppress evidence on the grounds that any evidence of the alleged housing code violations was obtained pursuant to a warrantless search. The court set the motion for hearing on August 25, 1998. On that day, appellee appeared with co-counsel and a witness. The prosecutor on the case did not appear, and the prosecutor who was present was unfamiliar with the case. Moreover, appellant had not yet filed an opposition to appellee's motion.
The court thus continued the hearing until September 8, 1998. As of that date, appellant had still failed to file its opposition to the motion to suppress. Therefore, the court again continued the matter to September 21, 1998. The court also ordered appellant to file its brief in opposition by September 14, 1998. Appellant filed its response on September 11, 1998. On September 21, 1998, counts one and two of the complaint were nolled and appellee withdrew the motion to suppress as moot. Trial was set for October 20, 1998.[2]
Appellee thereafter moved to continue the trial date due to illness. The trial was continued to November 17, 1998. Sometime prior to the trial date, appellee subpoenaed records from the custodian of records for the Division of Building and Housing for production at the trial. Appellant did not in any way object to the subpoena. On November 17, 1998, the custodian of records appeared but failed to produce the requested documents. Thereafter, the following occurred:
MR. STIFEL [appellee]:
 Good morning, judge. I had a subpoena to be served on the custodian of record at the Building and Housing Department last week, and I might save time to order the Court to produce records and come back to us in may be (sic) half an hour.
 THE COURT: Those records from Building and Housing Department — the defendant has subpoena (sic) those? Are the (sic) available?
MR. SINCLAIR [attorney for appellee]:
 Good morning, your Honor. The documents were of course (sic) subpoenaed were for any documents relating to the housing code violations for the 3200 block of W. 86th Street?
THE COURT: Yes.
 MR. SINCLAIR: Unfortunately, the custodian of record (sic) misinterpreted this request and that it was a request for the house located at 3200 W. 86th Street.
THE COURT: Where are the records?
 MR. SINCLAIR: Well, they're not here. She didn't have a house located at 3200 W. 86th Street.
 THE COURT: Well, okay, of course it says for property located within the 3200 building.
MR. SINCLAIR: Right.
THE COURT: So the records are not here?
MR. SINCLAIR: Right.
 THE COURT: The defendant has not had the account (sic) to review them, is that right?
MR. SINCLAIR: That's true.
THE COURT: Mr. Stifel —
 MR. STIFEL: Judge, I really don't want to continue this thing. I've got over forty hours in this case, which includes three transcripts over here for Sup-pressionary (sic), and now we don't have the records that we need to go forward with for trial.
 MR. SINCLAIR: Well, your Honor, if I could ask for an explanation for why this would be relevant?
 MR. STIFEL: I'll be happy to do that — I can do it in front of Fred Burris [the inspector]
 THE COURT: This case is dismissed under 48B.
 MR. SINCLAIR: Your Honor, the rules do require an explanation.
 THE COURT: The reason is that the defendant subpoenaed records that were very specific, 3200 block of W. 86th Street, and he sub — poenaed them in a timely manner through no fault of yours, I presume or Mr. Burns' — or the City did not respond. This case has been going on for a long period of time.
 MR. SINCLAIR: Well, your Honor, it's been going on because the City —
 MR. STIFEL: It wasn't simply 3200 block, it also gave geographic portions of W. 86th,
Winward Avenue, south of Denison Avenue. It clearly sets out the territory.
MR. SINCLAIR: Exactly, your honor.
 THE COURT: The records weren't provided to the defendant and that's the reason for the dismissal.
 MR. SINCLAIR: Well, your Honor, what would be the purpose of those records? Would it be admissible in this case?
THE COURT: Yes, they would.
MR. SINCLAIR: For what purpose?
MR. STIFEL: They are public records.
 THE COURT: For the defendant. He has a right to present a defense on his behalf. Case dismissed.
A motion for reconsideration filed by appellant was not ruled upon; thus, we will presume it is denied. See, e.g., Takacs v.Baldwin (1995), 106 Ohio App.3d 196, 209.[3]
Appellant's sole assignment of error contends the trial court erred when it dismissed the case since the reason for the dismissal was the mistake made by the custodian of records and was not due to any action by appellant.
This court need not reach the merits of appellant's argument since an examination of the record reveals that there is no final, appealable order before us.
Crim.R. 48 provides, in pertinent part:
 (B) Dismissal by the court. If the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal.
The rule does not provide for a dismissal with prejudice. See,e.g., State v. Dixon (1984), 14 Ohio App.3d 396, 397. Since the trial judge did not specify whether the dismissal was with or without prejudice, this court will presume it was intended to be without prejudice.
R.C. 2505.02 (B)[4] defines a final order, in pertinent part, as follows:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
* * *
This court has previously determined that a dismissal without prejudice does not constitute a judgment or final order when the complaint may be refiled or amended since it is not a final determination of the rights of the parties. Benaco Tooling,Inc. v. Brancorp Holdings, Inc. (Mar. 21, 1996), Cuyahoga App. No. 69015, 1996 WL 125575, unreported, citing In the Matter ofMary Beth v. Howard, et al. (Dec. 22, 1994), Cuyahoga App. No. 66748, unreported.
In addition, in Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605, 1995 WL 517013 unreported, this court concluded that a dismissal of an action without prejudice is otherwise than on the merits and leaves the parties in the same position as if the plaintiff had not commenced the action.
Since the dismissal by the court pursuant to Crim.R. 48 (B) was without prejudice, there is no final, appealable order upon which this court may rule. Appellant could have either refiled the complaint against appellee or reinspected the property to determine whether the violations initially cited still existed. Since, therefore, the ruling does not constitute a final determination of the rights of the parties, this court lacks jurisdiction to hear the appeal.[5]
Appellant's appeal is therefore dismissed.
This cause is hereby dismissed.
It is, therefore, considered that said appellee recover of said appellant his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and PATRICIA A. BLACKMON, J. CONCUR
 __________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] This case has a rather complicated procedural history that is not relevant for purposes of this opinion.
[2] No transcript of this proceeding was filed; therefore, the facts cited were derived from the court's March 9, 1999 Judgment Entry.
[3] Furthermore, it is well settled that motions for reconsideration are not allowable after a final judgment. SeePitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378,379.
[4] R.C. 2505.02 was amended effective July 22, 1998. Pursuant to R.C. 2505.02 (D), this section applies to any action "that is pending in any court on the effective date of this amendment and all claims filed or actions commenced on or after the effective date of this amendment, notwithstanding any provision of any prior statute or rule of law of this state."
[5] This court recognizes that although the Ohio Supreme Court recently discussed Crim.R. 48 (B) in State v. Busch (1996),76 Ohio St.3d 613, it did not address whether a dismissal without prejudice pursuant to the rule constitutes a final appealable order.