DECISION AND JOURNAL ENTRY
Defendants, Chippewa Local School District; John Doe, School Teacher; John Doe, Superintendent; and John Doe, School District, have attempted to appeal from a judgment of the Wayne County Common Pleas Court that denied their motion to dismiss the complaint filed by Plaintiffs Barbara and Timothy Stewart. Because the judgment from which Defendants have attempted to appeal is not a final, appealable order, this Court has no jurisdiction to entertain this appeal. Defendants' appeal is dismissed.
 I.
On May 7, 1998, Plaintiffs filed a complaint against Defendants. Subsequently, on June 8, 1998, Defendants moved the trial court to dismiss Plaintiff's complaint pursuant to Civ.R. 12(B)(6). Defendants asserted that no action could be maintained against the school district because the allegations of negligence in the complaint did not defeat the statutory immunity afforded to the political subdivision pursuant to R.C. 2744.02(A)(1). The trial court denied the motion on the grounds that the allegations in Plaintiffs' complaint fit under one of the statutory exceptions to immunity under the version of R.C. 2744.02 that was in effect on or about May 7, 1996, when the alleged acts occurred.[1]
Defendants have attempted to appeal from that order.
 II.
As an initial matter this Court must determine whether it has jurisdiction over this appeal. If a judgment or order rendered by a trial court is not final and appealable, this court does not have jurisdiction to hear the appeal. See R.C. 2501.02. Generally, the denial of a motion to dismiss is not a final, appealable order. Lakewood v. Pfeifer (1992), 83 Ohio App.3d 47,50; Bressan v. Secura Ins. Co. (Apr. 28, 1994), Cuyahoga App. No. 64997, unreported, 1994 Ohio App. LEXIS 1800, at *13; see, also,Bartok v. Merrill, Lynch, Pierce, Fenner Smith, Inc. (Sept 6. 1989), Summit App. No. 14009, unreported, at 3. Defendants have asserted that, pursuant to R.C. 2744.02(C), the trial court's denial of its motion to dismiss based on sovereign immunity is a final, appealable order. This Court disagrees.
R.C. 2744.02(C)[2] provides:
 An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in Chapter 2744. or any other provision of the law is a final order.
In other words, pursuant to R.C. 2744.02(C), when a political subdivision attempts to avail itself of the benefit of sovereign immunity, an order denying that benefit is a final order. However, this Court has recently held that the affirmative defense of sovereign immunity cannot be raised in a motion to dismiss pursuant to Civ.R. 12(B)(6). Oliver v. Wagner (Dec. 8, 1999), Medina App. No. 2832-M, unreported, at 5-6. Because Defendants could not avail themselves of the benefit of sovereign immunity via a motion to dismiss pursuant to Civ.R. 12(B)(6), the trial court's denial of that motion did not deny them the benefit of the immunity. Therefore, R.C. 2744.02 does not operate to make the trial court's denial of Defendant's motion to dismiss a final, appealable order. Accordingly, this Court does not have jurisdiction to entertain Defendant's attempted appeal.
 III.
Defendants have attempted to appeal from an order that was not a final, appealable order. This Court does not have jurisdiction to entertain Defendants' attempted appeal. This case is dismissed.
Case dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BETH WHITMORE, FOR THE COURT
SLABY, P.J., BATCHELDER, J., CONCUR.
[1] R.C. 2744.02 was subsequently amended on June 30, 1997. Based on this Court's dismissal of this action, however, this Court expresses no opinion on which version of the statute should be applied in this instance.
[2] Although R.C. 2744.02(C) was originally enacted as a part of Am.Sub.H.B. 350, which was declared unconstitutional in its entirety by the Supreme Court of Ohio in State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus, portions of R.C. 2744.02 were amended as a part of Am.Sub.H.B. 215. Pursuant to Section 15, Article II of the Ohio Constitution, Am.Sub.H.B. 215 explicitly repealed the prior version of R.C. 2744.02 and reenacted it as amended.