JOURNAL ENTRY and OPINION
These consolidated cases are before the court on the City of Fairview Park's appeals from the dismissal of its separate criminal complaints against defendants Warren Fleming and Mike Kafantaris. In each case, the city argues:
 THE R[OCKY] R[IVER] M[UNICIPAL] C[OURT] ERRED, AS A MATTER OF LAW, IN DISMISSING THE COMPLAINTS FILED WITHOUT REASON OR EXPLANATION, AS THE ONLY EVIDENCE BEFORE SAID COURT DEMONSTRATED A VIOLATION OF SECTION 1141.05 BY BOTH DEFENDANTS FLEMING AND KAFANTARIS.
We find the orders of dismissal were not final and appealable, so we lack jurisdiction to consider the merits of the city's argument.
 PROCEEDINGS BELOW Fairview Park v. Fleming, App. No. 77323.
On April 26, 1999, the City filed the following complaint against appellee Warren Fleming:
 On the 27th day of March 1999, in the City of Fairview Park, Ohio, Warren Fleming did expand or extend the use of a lot or any part thereof, nonconforming as to use; to wit: being the owner thereof, did place an expandable Kropf 10 x 50 mobile home thereon, punishable by a fine not to exceed Five Hundred ($500.00) Dollars and imprisonment not to exceed Sixty (60) days, contrary to Fairview Park Ordinances 1141.05(b) and 1149.99.
On June 17, 1999, Fleming moved to dismiss the complaint. He argued that the Fairview Park Zoning Code specifically allowed the use of the property in question as a mobile home park, so his placement of a mobile home on that property, in a space previously occupied by another mobile home, did not expand or extend the use of the parcel. He also argued he could not be liable for a zoning violation because he was only a tenant on the premises.
The city responded that the use of the property as a mobile home park was a nonconforming use under the city's zoning code. It argued that the space occupied by Fleming's mobile home had been vacant for more than a year before Fleming moved there, so that, under the code, that space was required to conform to the city's use regulations and could not legally be occupied by Fleming's mobile home.
On October 21, 1999, the municipal court granted Fleming's motion to dismiss in the following journal entry:
 10/7/99 PARTIES IN COURT REPRESENTED BY COUNSEL. ORAL HEARING HAD ON DEFENDANT'S MOTION TO DISMISS A/B FILES HEREIN. CASE HEARD AND SUBMITTED. DEFENDANT'S MOTION TO DISMISS A/B FILES AT CITY'S COSTS HEREIN IS GRANTED.
 Fairview Park v. Kafantaris, App. No. 77324.
The city filed the following complaint against appellee Mike Kafantaris on April 26, 1999:
 On the 27th day of March, 1999, in the City of Fairview Park, Ohio, Mike Kafantaris, did expand or extend the use of a lot or any part thereof, nonconforming as to use; to wit: being the owner of Lot #10 at 21215 Lorain Road, did place or permitted the placement of an expandable Kropf 10' X 50' mobile home thereon, punishable by a fine not to exceed Five Hundred ($500.00) Dollars and imprison ment not to exceed Sixty (60) days, contrary to Fairview Park Ordinances 1141.05(b) and 1149.99.
Kafantaris also moved to dismiss the complaint against him. He asserted he was the principal of a management group that operated the trailer park at issue, the title holder of which was Susan Bohmer. He also argued the new mobile home placed on the property merely replaced a vacating mobile home and did not expand or extend the nonconforming use of the property. The city responded with the same arguments it raised in the Fleming
case. It argued that the space occupied by Fleming's mobile home had been vacant for more than a year before Fleming moved there, so that, under the code, that space was required to conform to the city's use regulations and could not legally be occupied by Fleming's mobile home.
On October 21, 1999, the court granted Kafantaris' motion to dismiss in the following entry:
 10/7/99 COUNSEL IN COURT. ORAL HEARING HAD ON DEFENDANT'S MOTION TO DISMISS HEREIN. CASE HEARD AND SUBMITTED. DEFENDANT'S MOTION TO DISMISS WITHIN CHARGE IS GRANTED, AT CITY'S COSTS.
 LAW AND ANALYSIS
Statutory authorization is a prerequisite to any appeal by the government in a criminal prosecution. In this regard, R.C. 2945.67(A) provides, in pertinent part:
 A * * * city director of law * * * may appeal as a matter or right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of an indictment, complaint or information * * *.
A finding that the city has the right to appeal a dismissal order does not end our inquiry, however. The order must also be a "final order" subject to appeal under R.C. 2505.02. State ex rel. Leis v. Kraft
(1984), 10 Ohio St.3d 34, 36. R.C. 2505.02(B) defines final, appealable orders as follows:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action.
The court here did not specify that it was dismissing the complaint with prejudice; therefore, we presume the dismissal was intended to be without prejudice. Cleveland v. Stifel (Sept. 2, 1999), Cuyahoga App. No. 75761, unreported. Crim.R. 48(B) governs the dismissal of a criminal complaint by the court. Crim.R. 48(B) does not provide for a dismissal with prejudice; the court has the inherent power to dismiss with prejudice only where it is apparent that the defendant has been denied a constitutional or statutory right, the violation of which would, in itself, bar prosecution. State v. Dixon (1984), 14 Ohio App.3d 397; Statev. Sutton (1979), 64 Ohio App.2d 105. There is no indication the court found such a violation here.
A dismissal without prejudice does not affect a "substantial right" within the meaning of R.C. 2505.02 because the state can bring the action again. The entry does not deny the state a judgment in its favor. Cf.State v. Eberhardt (1978), 56 Ohio App.2d 193, 198; State v. Tankersley
(Oct. 31, 1996), Cuyahoga App. Nos. 70068 and 70069, unreported, at 6. A dismissal is not a final determination of the parties' rights if the complaint can be refiled. Stifel, at 7-8. Therefore, a dismissal without prejudice is not a final order under R.C. 2505.02(B)(1) and (2).
The orders of dismissal are not final orders under R.C. 2505.02(B)(3) and (5) because a dismissal does not vacate a judgment, grant a new trial, or determine whether an action may be maintained as a class action. These also are not orders that grant or deny a "provisional remedy" under R.C. 2505.02(B)(4); the dismissal of a criminal complaint cannot be considered a "proceeding ancillary to [the] action." See R.C.2505.02(A)(3) (defining a provisional remedy). Therefore, the dismissal of a criminal complaint, without prejudice, is not a final order, and this court lacks jurisdiction to consider the state's appeals.[1]
Appeals dismissed.
These causes are dismissed.
It is, therefore, considered that said appellees recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. and JOYCE J. GEORGE, J.* CONCUR
* Sitting by Assignment: Joyce J. George, retired Judge of the Ninth Appellate District, sitting by assignment of the Ohio Supreme Court.
[1] We note that our disposition of these matters allows the city to bring its complaints again, based upon the same facts contained in the complaints here or any other facts which might form the basis for criminal charges.
We also note that the trial court's intent would be clearer to the parties and the appellate court if the trial court complied with its obligation under Crim.R. 48(B) to state on the record its findings of fact and reasons for dismissal of a criminal complaint over the state's objection. Such a statement would prevent unnecessary relitigation where the court intends the dismissal to dispose of the case on the merits and would provide a basis for appellate review.