Plaintiff Timothy L. Williams appeals a judgment of the Licking County Municipal Court which convicted and sentenced him for one count of driving under the influence of alcohol in violation of R.C. 4511.19 and domestic violence in violation of Newark Municipal Code No. 648.04, after a jury found him guilty. Appellant assigns six errors to the trial court:
 ASSIGNMENTS OF ERROR 1. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS.
 2. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 3. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING APPELLEE'S MOTION TO DISMISS THE DWI AND/OR APPELLANT'S MOTION TO RECONSIDER ITS DENIAL OF SUCH MOTION.
 4. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN QUASHING A SUBPOENA ISSUED TO THE ASSISTANT LAW DIRECTOR, HARVEY SHAPIRO.
 5. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING WITNESS KEITH WILLIAMS' FIFTH AMENDMENT RIGHT.
 6. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR ACQUITTAL AFTER APPELLEE'S CASE IN CHIEF.
At trial, the State presented evidence someone called the Newark City Police and reported a fight on Wallace Street in Newark, Licking County, Ohio. When the officers arrived there was no fight going on, but there was an injured man inside the residence. A witness identified only as Frank told officers the other man involved in the fight had driven away in a white vehicle traveling south on Mount Vernon Road. Another officer observed a man driving a white car on Mount Vernon Road and effected a traffic stop. Officers identified appellant as the driver of the car, and the injured man back at the house as appellant's father.
The officer who stopped appellant's car testified appellant had an odor of an intoxicating beverage, glassy eyes and slow slurred speech. Appellant refused the breath test.
 I
In his first assignment of error, appellant urges the court erred in overruling his motion to suppress evidence gathered that night. Appellant argued the arresting officer observed no traffic offenses or erratic driving.
In its May 17, 2000, judgment entry, the trial court overruled the motion to suppress, noting the officers first spoke with an eye witness who indicated one of the persons involved in the fight had fled in the white vehicle. Seconds later, a white vehicle drove down the street, and was identified by the eyewitness as the person from the fight. The trial court cited Terry v. Ohio, (1968), 392 U.S. 1 as authority for this stop. The court found the officers had reasonable articulable facts which, taken together with rational inferences drawn from those facts reasonably warranted an investigatory stop of the vehicle.
We agree with the trial court the issue is the reasonableness of the stop, see Florida v. Jimeno (1991), 500 U.S. 248 at 250. The reasonableness of an investigative stop by a police officer is based upon the totality of the surrounding circumstances, United States v. Cortez
(1981), 449 U.S. 411; State v. Bobo (1988), 37 Ohio St.3d 177.
We have reviewed the record, and we find the trial court did not err in finding the officers had sufficient reasonable and articulable facts to warrant stopping appellant's vehicle. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court should have sustained his motion to dismiss the domestic violence complaint on speedy trial grounds.
Appellant was arrested on March 26, 2000, and charged with felony domestic violence. The court dismissed the charge on April 5, 2000, on the State's motion. On June 29, 2000, the State filed a criminal complaint against appellant for the same conduct, but as a misdemeanor. Appellant was served with a misdemeanor complaint on June 30, 2000.
Prior to his trial, on August 3, 2000, appellant moved to dismiss the complaint because it was not brought within the 45 day speedy trial limit mandated by R.C. 2945.71 (B).
It is well settled the entry of Nolle Prosequi tolls the running of statutory speedy trial time until the service of summons on a second charge arising out of the same conduct, see State v. Spratz (1979),58 Ohio St.2d 61 at 62. Credit must be given for the period of time the earlier charges based on the same conduct were pending prior to the entry of the Nolle Prosequi, State v. Bonarrigo (1980), 62 Ohio St.2d 7, at 10.
Appellant concedes the total time his felony charge of domestic violence plus his misdemeanor charge equals 44 days, within the speedy trial limit of 45 days. However, appellant cites us to State v. Meeker
(1971), 26 Ohio St.2d 9, as authority for the proposition that constitutional guarantees of speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as unjustifiable delays after indictment or complaint, Meeker, syllabus by the court, paragraph 3.
Citing Meeker, appellant urges the State delayed 85 days between dismissing the felony and serving him with the misdemeanor complaint. In so doing, in effect the State nearly tripled the speedy trial limit. Because the misdemeanor charge arose out of the same facts and circumstances which gave rise to the felony charge, appellant urges the delay was unjustifiable, and the court should have dismissed the domestic violence charge.
We note Meeker, was modified in State v. Luck (1984), 15 Ohio St.3d 150,152-53.
Appellant made his motion for dismissal prior to the commencement of trial on August 3. Appellant offered our earlier case of City of Newarkv. Tolliver (December 30, 1986), Licking Appellate No. CA3216, unreported. The trial court conceded it was aware of the Tolliver case, and agreed the Tolliver case was not restricted to its unique facts. The court noted, however, there were other cases which held otherwise. The court did not elaborate on what those cases might be. The court overruled the motion to dismiss.
The State has declined to file an answer brief in this court to respond to the assignments of error. Where an appellee has failed to file a brief, the court of appeals is authorized by App.R. 18 (C) to accept the appellant's statement of fact and issues as correct and to reverse the trial court's judgment if the appellant's brief reasonably appears to warrant it.
Given the trial court's cavalier treatment of controlling case law in this district, coupled with the failure of the State to come forward in response to appellant's arguments, we are limited in our review of the record. We find no explanation for the delay between the dismissal of the felony charge and the filing of the misdemeanor complaint in the record before us, and we agree with appellant to nearly triple the time in which to bring him to trial appears unreasonable.
The second assignment of error is sustained.
 III
In his third assignment of error, appellant points out that on June 14, 2000, the State filed a motion to dismiss the driving under the influence charge after representing it believed there was insufficient evidence to sustain a conviction on the charge. The trial court overruled the motion to dismiss. Crim.R. 48 (A) requires the State to place on the record the nature of the alleged insufficiency of proof which gives rise to the motion to dismiss. R.C.2141.33 has a similar provision, except that the statute provides a Nolle Prosequi entered contrary to the provision is void, see State v. Sutton (1979), 64 Ohio App.2d 105 at 107. In Sutton, the Court of Appeals for Ninth District, Wayne County, held insufficiency of proof has always been regarded as good cause for NolleProsequi of an indictment, and if the application meets the good cause requirement of the code and the criminal rules, the court should grant it. However, the Sutton court noted the dismissal is ordinarily without prejudice, unless the court finds there is a constitutional or statutory violation which would, in and of itself, bar prosecution. Sutton, at syllabus.
The prosecutor's motion was accompanied by a memorandum which simply stated he had determined there was insufficient evidence to sustain a conviction. Attached to the motion was only a proposed judgment entry of dismissal, and the prosecutor did not expand on his allegation of insufficient evidence.
In the judgment entry overruling the motion to dismiss, the court found it had already conducted the suppression hearing which had been resolved in favor of the State. Investigating officers had filed statements indicting they believed the appellant was intoxicated, and he had failed the horizontal nystagmus test. The officers reported appellant had an odor of intoxicating beverage emanating from his person, had glassy eyes, and slow, slurred speech. When stopped, appellant made obscene gestures with both hands bloodied from the fight. The court concluded this evidence appeared to meet the prima facia case for driving under the influence. For this reason, the trial court overruled the motion to dismiss.
Appellant moved the court to reconsider its ruling, citing it's ruling in similar DUI case, State v. Samantha Burchard, Case No. 00TRC05016. InBurchard, the same trial court sustained a motion to dismiss for insufficient evidence. Appellant argued to the trial court in his motion, the only difference between the Burchard case and the instant case is Burchard was a female, whereas appellant is a male. Appellant also sought to subpoena the prosecutor to explain why he believed the evidence was insufficient to sustain a conviction, see infra, IV.
The trial court overruled appellant's motion to reconsider, citing factual differences between the Burchard case and the instant case. The court specifically cited to a lack of any video tape such as existed in the Burchard case.
We have reviewed the record, and we find the trial court was correct in distinguishing between the Burchard case and the instant case on the evidentiary issues.
The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the trial court should not have quashed the subpoena he requested to compel the assistant law director to testify regarding his belief the State lacked evidence to prosecute and convict. The prosecutor's motion to quash alleges the subpoena is frivolous and improper, and an attempt to create conflict which would interfere with the prosecution of the case.
The trial court's judgment entry of August 2, 2000, finds the prosecutor's opinion is not relevant, admissible, or discoverable. The court also found although the appellant was entitled to all results of any investigation or preparation which would provide exculpatory evidence, the prosecutor's personal professional opinion was not exculpatory evidence. We agree.
The fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant urges the court abused its discretion by not permitting the State's witness Keith Williams to exert his Fifth Amendment rights.
Keith Williams is appellant's father, and the alleged victim of the domestic violence. The record indicates officers had initially arrested both Keith Williams and appellant on domestic violence charges, but later dismissed them against Keith Williams. At trial, it appears Keith Williams was unhappy about testifying against his son. Upon being called to the witness stand, Williams informed the court he was going to plead the Fifth Amendment because ". . . I really don't know nothing about this . . ." Tr. of Trial Proceedings, Page 9. The court did not intervene, and the witness proceeded to answer all the prosecutor's questions. Keith Williams testified he drank beer on the night in question, and fell down the basement steps. Williams testified this happened before appellant came to his home, and it was the fall which caused the injuries officers later observed on him. Williams testified he did not remember getting into a fight with his son, and had no idea if they had argued that night.
It is true the trial court did not intervene when Keith Williams announced his intension to invoke his Fifth Amendment privilege, but the reason stated by Williams was that he didn't know anything about the circumstances of the case. This, of course, is not a reason to invoke the Fifth Amendment. In addition, it appears Williams then answered all the prosecutor's questions, and appellant never objected or asked the court to discuss Mr. Williams' Fifth Amendment rights with him.
We find no error herein, and the fifth assignment of error is overruled.
 VI
In his sixth assignment of error, appellant urges the trial court should have sustained his motion for acquittal made after the State rested its case.
Pursuant to Crim.R. 29, the trial court, either on the motion of the accused, or on its own motion, may enter a judgment of acquittal if it finds the evidence is insufficient to sustain a conviction. In ruling on a motion for acquittal, the trial court must view the evidence in the light most favorable to the prosecution, and determine whether any rational trier of fact can find the essential elements of the crime proven beyond a reasonable doubt. See State v. Williams (1996),74 Ohio St.3d 569.
The State presented the testimony of four investigating officers. The evidence presented generally was that appellant first failed to cooperate with the traffic stop, and based upon the officers' observations, and their training and experience, they believed appellant to be intoxicated. The officers testified as to an odor of alcoholic beverage, and glassy blood shot eyes. Officer Eric McKee described the horizontal gaze nystagmus test which he administered to appellant. The officer testified appellant failed the test.
Construing the above in a light most favorable to the prosecution, we find the trial court correctly overruled the motion for acquittal because reasonable minds could conclude the State proved appellant operated a motor vehicle while under the influence of alcohol.
The sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Licking County Municipal Court of Ohio, is affirmed in part and reversed in part, and final judgment of acquittal is entered on the domestic violence charge.
 __________________ Gwin, J.
Edwards, P.J., and Farmer, J., concur